**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| STEPHANIE AGNEW, FELISA BRYANT, DEBORAH CERKEZOGLU, AZA ZHAMBEKOVA, and SHAWNA STUMP, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MACY'S RETAIL HOLDINGS, LLC,<br><br>Defendant. | Case No. 2:25-cv-02006<br><br>**DEFENDANT MACY'S RETAIL HOLDINGS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[King County Superior Court Case No. 25-2-26322-3 SEA] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND ALL PARTIES AND THEIR ATTORNEY OF RECORD:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Macy's Retail Holdings, LLC ("Macy's" or "Defendant") hereby removes the action *Stephanie Agnew, et al. v. Macy's Retail Holdings, LLC*, pending in the Superior Court of the State of Washington, County of King, Case No. 25-2-26322-3 SEA (the "State Court Action") to the United States District Court for the Western District of Washington. As grounds for removal, Defendant respectfully states as follows:

## I. INTRODUCTION

1. The State Court Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), in that this matter is a civil action in which the alleged amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, has more than 100 members in the proposed putative class, and



**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250 FAX (628) 221-5828

is between citizens of different states.

## II. BACKGROUND

2. On September 10, 2025, Plaintiffs Stephanie Agnew, Felisa Bryant, Deborah Cerkezoglu, Aza Zhambekova, and Shawna Stump ("Plaintiffs"), purportedly on their own behalf and all others similarly situated, filed the State Court Action in the Superior Court of the State of Washington for King County (the "Complaint"). Defendant was served with the Complaint on September 16, 2025. True and correct copies of the Summons, Complaint, and other documents filed in the State Court Action are attached as **Exhibit A**.

3. In the Complaint, styled as a class action, Plaintiffs contend that Defendant violated the Washington Commercial Electronic Mail Act ("CEMA"), Chapter 19.190.020 RCW, and the Washington Consumer Protection Act ("CPA"), Chapter 19.86.020 RCW, by sending emails with misleading or false subject lines to Washington consumers for the commercial purpose of marketing Macy's products.

4. The proposed putative class consists of "All Washington citizens holding an email address to which Defendant sent or caused to be sent any email listed in Exhibit A during the Class Period." (Complaint ¶ 93.) Exhibit A to the Complaint identifies thirteen emails between February 13, 2024, and August 3, 2025, that allegedly violate CEMA and CPA. (Compl., Exhibit A.)

5. Nothing in this Notice of Removal should be interpreted as a concession of any of Plaintiffs' theories of liability, class allegations, damages, or the like—all of which Defendant expressly denies—or a waiver of any of Defendant's rights or defenses. Defendant reserves the right to supplement and amend this Notice of Removal

## III. REQUIREMENTS FOR REMOVAL UNDER CAFA

6. This Court has original jurisdiction over this action under CAFA. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed putative classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of Plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2), (5). Because this action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action



**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250 FAX (628) 221-5828

brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.”).

7. The United States Supreme Court clarified the standards for removal under CAFA in 2014. Specifically, in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014), the Supreme Court held that courts must apply the same liberal rules to removal allegations as to other matters of pleading.

8. Furthermore, the *Dart Cherokee* decision held that “no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court,” adding that “CAFA should be read ‘with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.’” *Dart Cherokee*, 574 U.S. 81 at 554.

9. Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to “interpret CAFA’s provisions under section 1332 ***broadly in favor of removal***.” *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (“Congress intended CAFA to be interpreted expansively”); *Bridewell-Sledge v. Blue Cross of California, 789 F.3d 923, 929 (9th Cir. 2015)* (under *Dart Cherokee*, error to apply a ‘strong presumption against removal jurisdiction’”).

## IV. THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

### A. Minimum Diversity Exists

10. Diversity exists for purposes of removal under CAFA where “any member of a class of plaintiffs is a citizen of a State different from any defendant.” 28 U.S.C. § 1332(d)(2). “[T]he term ‘class members’ means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.” 28 U.S.C. § 1332(d)(1)(D).

11. **<u>Defendant’s Citizenship</u>**: For purposes of removal under CAFA, the citizenship of a limited liability company is analyzed as an “unincorporated association” under 28 U.S.C. § 1332(d)(10). *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 715 (N.D. Cal. 2021); *Ramirez v. Carefusion Res., LLC*, No. 18-2852, 2019 U.S. Dist. LEXIS 112995, *5 (S.D. Cal. July 1, 2019); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 704 (4th Cir. 2010). CAFA states “[f]or purposes of this subsection and section



**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250 FAX (628) 221-5828

1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

12. Here, Defendant is deemed to be a citizen of the State of Ohio and the State of New York because at all relevant times Defendant has been and is a limited liability company organized under the laws of the State of Ohio with its principal place of business in New York, New York.[1]

13. **Plaintiffs' Citizenship**: On the other hand, a person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). The Complaint alleges that Plaintiffs Stephanie Agnew, Felisa Bryant, Deborah Cerkezoglu, Aza Zhambekova, and Shawna Stump were residents of King County, Snohomish County, Grays Harbor County, Pierce County, and Asotin County, Washington, respectively, at the time of the commencement of the State Court Action. (Compl. ¶¶ 10-14.) Moreover, Plaintiff seeks to certify a class of, *inter alia,* "Washington citizens holding an email address to which Defendant sent or caused to be sent any email . . ." (*Id.* at ¶ 93.)

14. Because Plaintiffs and putative class members are citizens of Washington, and Defendant is a citizen of Ohio and New York, CAFA's diversity-of-citizenship requirement is satisfied.

**B. The Proposed Class Includes At Least 100 Members**

15. Plaintiffs seek to certify a class of "all Washington citizens holding an email address to which Defendant sent or caused to be sent any email listed in Exhibit A [to the Complaint] during the Class Period." (*Id.* at ¶ 93.) They claim that "The Class is so numerous that joinder of all members is impracticable because the Class is estimated to ***minimally contain thousands of members***." (*Id.* at ¶ 97) (emphasis added).

---

[1] Nor is Defendant a citizen of the State of Washington outside CAFA. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding, in a non-CAFA case, that a limited liability company is deemed to be a citizen of every state of which its members are citizens). Outside CAFA, Defendant would be deemed a citizen of Delaware and New York because (i) Defendant's sole member is Macy's, Inc., and (ii) Macy's, Inc. is a citizen of the State of Delaware and State of New York because at all relevant times Macy's, Inc. has been and is incorporated in Delaware and has had and presently has its principal place of business in New York.



**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250 FAX (628) 221-5828

16. Defendant disputes Plaintiffs' allegations of wrongdoing and disputes that this matter is appropriate for class treatment or that any class could ever be certified. However, in light of Plaintiffs' estimate that the class contains thousands of members, the number of members in the alleged putative class is at least 100.

**C. The Amount in Controversy Exceeds $5 Million**

17. The Supreme Court clarified in 2014 that a notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and need not include evidentiary submissions. *Dart Cherokee*, 574 U.S. at 87 ("Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'"); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("[A] removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'") (quoting *Dart Cherokee*).

18. Thus, a defendant's amount in controversy allegation should be accepted when not contested by a plaintiff or questioned by the court. *Dart Cherokee*, 574 U.S. at 87. If a plaintiff does contest the allegation, both sides must submit proof and the court will decide, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied. *Id.* at 88–89; *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227-28 (9th Cir. 2019) (the pleading "need not contain evidentiary submissions") (quoting *Dart Cherokee*); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (same); Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *Id.* § 2:3435, at 2D-172 – 173 ("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"). Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of



**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250 FAX (628) 221-5828

exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14.

19. Again, Defendant denies Plaintiffs' substantive allegations, the appropriateness of class treatment, and that Plaintiffs are entitled to any of the relief sought in the Complaint, and does not waive any defense with respect to any of Plaintiffs' claims. Nevertheless, Defendant has calculated the amount in controversy for purposes of this notice by taking Plaintiffs' allegations in the Complaint at face value and aggregating claims of individual putative class members pursuant to 28 U.S.C. § 1332(d)(6). Plaintiffs' allegations place the amount in controversy on Plaintiffs' CPA action well above $5,000,000.

20. Plaintiffs seek to recover "actual or liquidated damages, trebled," and attorney's fees. (Complaint, at p. 16 (Prayer for Relief, ¶ C).) Plaintiffs alleged they are entitled to "liquidated damages of "$500 per violation, trebled." (Complaint, ¶ 120.) Plaintiffs seek $500 in statutory damages *per violative email* sent by Macy's. (Compl. ¶ 120.) ("Plaintiff and putative members are entitled to . . . damages of $500 per violation.")

21. The Complaint alleges that Macy's sent at least 13 emails that allegedly violated CEMA, as identified in Exhibit A to the Complaint. (Compl., Exhibit A.) Plaintiffs also allege that the class consists of thousands of consumers. (*Id.* at ¶ 97.) Accepting as true (again, purely for removal purposes) Plaintiffs' allegation that each of these thousands of (i.e., at least 2,000) consumers are entitled to $500 for each of the 13 emails, then the amount in controversy requirement is readily satisfied (2,000 people x 13 emails x $500 = $13 million).

22. Plaintiffs further seek treble damages. (*Id.* at ¶ 120.) Based on this request, the amount in controversy requirement is more than satisfied ($13 million x 3 = $39 million).

23. Plaintiffs also seek attorneys' fees and costs. (*Id.*) Attorneys' fees should also be included in connection with the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Although Defendant denies Plaintiffs' claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund). Assuming the amount in controversy is



**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250 FAX (628) 221-5828

$5,000,000, an award of 25% attorneys' fees based upon such amount would be an additional $1,250,000. This amount further increases the amount in controversy above CAFA's threshold.

## V. NO CAFA EXCEPTIONS APPLY

24. The State Court Action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiffs have the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction.").

## VI. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

25. Venue is proper in this district and division because King County Superior Court is located within the federal Western District of Washington, and this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

26. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty days of the date on which service was effectuated – September 15, 2025. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (holding the thirty-day removal deadline is triggered by actual service of the complaint).

27. Pursuant to 28 § 1446(d), a copy of the Summons, Complaint, and all other documents served on Defendant are attached as Exhibit A.

28. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled "Notice to State Court of Removal to Federal Court" and Plaintiffs have been served with all filings.

## VII. CONCLUSION

29. Wherefore, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and the Class Action Fairness Act, Defendant Macy's Retail Holdings, LLC requests that the State Court Action now pending against them in the Superior Court of Washington, County of King, be removed to this Court.



**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250 FAX (628) 221-5828

Dated: October 15, 2025

Respectfully submitted,

/s/ Meegan B. Brooks
MEEGAN B. BROOKS (WA 62516)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone: 628.600.2232
Email: mbrooks@beneschlaw.com

Christopher Stretch
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
100 Pine Street, Suite 3100
San Franciso, CA 94111
Telephone: 628.600.2223
Email: cstretch@beneschlaw,com

*Attorney for Defendant*
*Macy's Retail Holdings, LLC*