**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| STEPHANIE AGNEW, FELISA BRYANT, DEBORAH CERKEZOGLU, AZA ZHAMBEKOVA, and SHAWNA STUMP on their own behalf and on behalf of others similarly situated, | Case No. 2:25-cv-02006-JHC |
| | Honorable Judge John H. Chun |
| Plaintiff, | PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F) |
| vs. | |
| MACY'S RETAIL HOLDINGS, LLC, | |
| Defendant. | |

## I.    <u>INTRODUCTION</u>

Pursuant to this Court's order on November 21, 2025, Dkt. 12, the parties, Plaintiffs Stephanie Agnew, Felisa Bryant, Deborah Cerkezpglu, Aza Zhambekova, and Shawna Stump ("Plaintiffs") and Defendant Macy's Retail Holdings, LLC, ("Macy's" or "Defendant"), present this Joint Status Report, pursuant to Fed. R. Civ. P. 26(f). The parties conferred by videoconference on Thursday, December 15, 2025, in a Rule 26(f) conference about the topics recited in this report.

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 1

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

## II.    JOIN STATUS REPORT

**1.    A statement of the nature and complexity of the case.**

This is a proposed class action case originally filed on September 10, 2025, in Washington Superior Court, King County (Case No. 25-2-26322-3 SEA). The case was removed to this Court by Defendant on October 15, 2025, Dkt. 1.

Plaintiffs bring claims against Macy's on behalf of themselves and proposed class members under the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190.020, and the Washington Consumer Protection Act ("CPA"), RCW 19.86.020. *See generally id*. Plaintiffs allege, in summary, that Macy's engages in a pattern of spamming Plaintiffs and putative class members with emails containing "false time scarcity" messages in the emails' subject headings, as to deals, sales and/or pricing on its products. *Id.* at ¶¶ 33-73. Plaintiffs contend these deceptive and/or false messages regarding the availability of deals or pricing violate CEMA's prohibition against knowingly sending emails that contain "false or misleading information in the subject line," which likewise constitutes a *per se* violation of the CPA.  *Id.* at ¶¶ 93-103, 111-120.

Defendant denies that its email subject lines are false, deceptive, or unlawful, denies that they fall within the scope of CEMA, and denies that class certification is proper.  Macy's filed a Motion to Dismiss the Complaint on December 5, 2025, Dkt. 15, arguing, *inter alia*, Plaintiffs CEMA claims are preempted by CAN_SPAM, the dormant clause renders CEMA unconstitutional, Plaintiffs have not pleaded CEMA with particularity and Plaintiffs' CPA claim fails because it is derivative of their CEMA claims. Plaintiffs have responded in opposition to Macy's Motion to Dismiss on January 9, 2026, Dkt. 17, and filed a Notice of Supplemental Authority on January 16, 2026, Dkt. 20. The State of Washington additionally filed a stipulation motion RE: Intervention Under Fed. R. Civ. P. 5.1 and 28 U.S.C. § 2403(b) on January 15, 2026, Dkt. 18, for the limited purpose of defending the constitutionality of CEMA.  The Court granted

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 2

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

the stipulation that same day.  Dkt. 19.  The State of Washington filed a response to Defendant's Motion to Dismiss on February 3, 2026.  Dkt. 22.

**2.      Proposed deadline for amending the pleadings and joining additional parties.**

The parties propose that the deadline to amend the pleadings and join additional parties will be due **30 days** prior to the close of discovery.

**3.      Proposed deadlines for class certification.**

Plaintiffs anticipate filing a Motion for Class Certification of this matter, after the close of discovery. *See infra* No. 7. Defendant denies that the certification of any class is proper and will oppose if Plaintiffs move for class certification.  Defendant is still evaluating Plaintiffs' allegations and whether Plaintiffs are adequate class representatives.  Defendants reserve all rights.

The parties propose that the Motion be filed **30 days** after the close of discovery, with Defendant's response due on or before **45 days** after the Motion is filed, and Plaintiffs' reply in further support due on or before **30 days** after the filing of a response.

**4.      Consent to case assignment to magistrate judge.**

No.

**5.      Discovery Plan pursuant to FRCP 26(f)(3).**

**A.  Initial disclosures.**

The parties exchanged initial disclosures on **January 30, 2026** pursuant to the Court's Order (Dkt. 14).  The parties are currently meeting and conferring on the substance of said disclosures.

**B.  Subjects, timing, and potential phasing of discovery.**

<u>**Plaintiffs' Position**</u>:

Plaintiffs intend to seek discovery regarding Defendant's email marketing campaigns, all interactions with the Plaintiffs, documents concerning Defendant's selection of subject headings

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 3

**Strauss Borrelli PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

for emails sent to Washington consumers, and records demonstrating that Defendant knew its emails were being sent to solicit consumers located in Washington. Additional discovery topics include (1) Defendant's knowledge of and involvement in the deceptive email practices alleged in the operative Complaint; (2) the identity and actions of agents of the Defendant in crafting the practices alleged in the operative Complaint; (3) the scope and extent of the proposed Classes; (4) all evidence relating to the email communications at issue; (5) information concerning the sales, deals and/or pricing of products marketed by Defendant to Plaintiffs and putative class members during the class period, including data showing how the email subject headings affected sales; (6) any defenses; and (7) related communications and records in Defendant's possession.

Plaintiffs oppose any phasing of discovery as it is often impossible to differentiate what discovery relates to the merits and what relates to class certification (often because its frequently both). Phasing can also be inefficient because it could mean that a person is deposed in the class certification phase and then again in the merits phase. Phasing also frequently leads to more disputes and more burden on this Court to resolve those disputes. Plaintiffs are willing to consider any request by Defendant to delay responding to specific requests or interrogatories until after class certification, but Plaintiffs do not agree to a broad generalized phasing. Any concerns Defendant has regarding confidential and proprietary information can be resolved by a protective order. Further, Plaintiffs do not think that discovery should be delayed pending the motion to dismiss as this Court has already denied multiple motions to dismiss in these cases. *See Ma v. Nike, Inc.*, No. 2:25-cv-01235-JLR, 2026 WL 100731 (W.D. Wash. Jan. 14, 2026); and *Brown v. Old Navy, LLC*, 567 P.3d 38 (Wash. 2025).

**Macy's Position:**

Defendant objects to exchanging discovery until the pleadings are final and Defendant can identify the nature of Plaintiffs' claims.  Plaintiffs should not be given access to Defendant's

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 4

confidential and proprietary pricing documents and sales information until this Court decides what claims are truly at issue.  Indeed, Defendant has moved to dismiss *all* of Plaintiffs' claims not only on the grounds that Plaintiffs failed to allege facts to support their conclusory allegations, but also on the grounds that they are expressly preempted by federal law, and the dormant Commerce Clause precludes them.  These are defects that cannot be cured by an amendment.

On January 23, Plaintiff served three sets of written discovery: interrogatories, requests for production, and requests for admission, as well as a 30(b)(6) Notice of Deposition with 31 topics pertaining to, *inter alia*, Defendant's governance, control, and compliance, Defendant's decision making/approval process related to marketing emails, information pertaining to third party vendors, email lists, information pertaining to the putative Washington class, subject line developments, putative class experience, and the factual basis for all of Defendant's defenses and denials.  Defendant intends to move for a stay of discovery until this Court rules on Defendant's Motion to Dismiss, which again, seeks to dismiss *all* of Plaintiff's claims, because the Motion is dispositive and additional discovery is not required. *See, e.g.*, *Ahern Rentals Inc. v. Mendenhall*, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020) (finding a stay in discovery appropriate given the defendant's pending motion to dismiss trade secret misappropriation and tortious interference claims).

If Plaintiff's Complaint survives the Motion, any discovery that Plaintiff serves should be solely focused on information relevant to class certification.

### C.  Electronically stored information ("ESI").

The parties will submit an agreed Stipulated Order on Electronically Stored Information ("ESI") Protocol that will provide an agreed procedure for handling ESI in this matter, including proper methods of ESI production and preservation of discoverable information. The parties intend to use the Court's Model Protocol in submitting their stipulation.

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 5

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

**D. Privilege issues.**

The parties will submit a proposed Stipulated Protective Order that will provide an agreed procedure for handling confidentiality designations in this matter, including inadvertent production of privileged and/or protected material. The parties will use the Court's model stipulated protective order in submitting their proposed stipulation, and, if any changes are proposed to the model stipulated protective order, the parties will abide by the Court's rules in submitting.

The parties are unaware of any unique or specific issues of privilege in this case and will confer in good faith on negotiating a Stipulated Protective Order. The parties further agree to efficiently address assertions of privilege, including through the production of privilege logs.

**E. Proposed limitations on discovery.**

The parties do not anticipate the need for any changes or limitations on discovery beyond those provided in the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court. The parties reserve the right to seek modifications in the future, including additional interrogatories or depositions if necessary.

**Plaintiffs' Position**: *See supra*, 5(B).

**Macy's Position**: *See supra*, 5(B).

**F. The need for any discovery−related orders.**

The parties will seek Court intervention on discovery-related issues if necessary.

6. **The Parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on items set forth in Local Civil Rule 26(f)(1).**

**A. Prompt case resolution.**

Defendant maintains that "prompt case resolution" should not be considered until the Court determines if any of Plaintiffs' claims survive Defendant's Motion to Dismiss.

Plaintiffs are open to early case resolution.

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 6

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

## B.  Alternative Dispute Resolution.

Defendant maintains that settlement and ADR options should not be considered until the Court determines if any of Plaintiffs' claims survive Defendant's Motion to Dismiss.

Plaintiffs are open to private mediation.

## C.  Related cases.

N/A.

## D.  Discovery management.

The parties will request case management conferences as needed with the Court to move discovery forward. Plaintiffs anticipate that there may be third party discovery needed in this matter, to which the parties shall meet and confer if the need for third party discovery arises. If the parties should have discovery disputes that are unresolvable, the parties will request an informal discovery conference with the Court in accordance with procedures to seek Court guidance.

## E.  Anticipated discovery sought.

**Plaintiffs' Position**: *See supra* No. 5(B). Plaintiffs anticipate ESI discovery from Defendant. The parties expect to exchange written discovery, expert reports, and take fact and expert witness depositions. This includes individual and class wide discovery occurring simultaneously because discovery will overlap greatly, if not entirely.

**Macy's Position**: Defendant objects to exchanging discovery until the pleadings are final and Defendant can identify the nature of Plaintiffs' claims.  Plaintiffs should not be given access to Defendant's confidential and proprietary pricing documents and sales information until this Court decides what claims are truly at issue.  As previously discussed, Defendant has moved to dismiss *all* of Plaintiffs' claims not only on the grounds that Plaintiffs failed to allege facts to support their conclusory allegations, but also on the grounds that they are expressly preempted by federal law, and the dormant Commerce Clause precludes them.  These are defects that cannot be

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 7

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

cured by an amendment. If Plaintiff's Complaint survives a Motion to Dismiss, any discovery that Plaintiff serves prior to their motion for class certification should focus solely on information relevant to class certification.

**F. Phasing motions.**

Defendant's Motion to Dismiss is currently pending before this Court. The next instrumental motion briefing will likely be Defendant's Motion to Stay Discovery, as discussed above, and Plaintiffs' Motion for Class Certification which Defendants intend to oppose. Defendant reserves all rights to bring a motion for summary judgment should one be necessary.

**G. Preservation of discoverable information.**

*See supra* No. 5(C). At this time there are no issues on the preservation of discoverable information.

**H. Privilege issues;**

*See supra* No. 5(D).

**I. Model Protocol for Discovery of ESI.**

*See supra* No. 5(C).

**J. Alternatives to the Model Protocol.**

The parties agree to abide by the Local Civil Rule 26(f)(1)(J) if alternatives need to be made to the Model Protocol and will meet and confer to agree on any alternatives submitted as a stipulation.

**7.    The date by which discovery will be completed.**

The parties propose that discovery should be completed within **ten (10) months** of the Court's decision on Defendant's Motion to Dismiss Plaintiffs' Complaint.

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 8

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

**8.      Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

**Plaintiffs' Position:** Plaintiffs oppose any case-specific limitations on discovery or bifurcation of discovery by issue, as class certification and merits discovery are likely to overlap greatly, if not entirely, in this matter. *See supra*, 5(B).

**Macy's Position:** Defendant objects to exchanging discovery until the pleadings are final and Defendant can identify the nature of Plaintiffs' claims.  Plaintiffs should not be given access to Defendant's confidential and proprietary pricing documents and sales information until this Court decides what claims are truly at issue.  As previously discussed, Defendant has moved to dismiss *all* of Plaintiffs' claims not only on the grounds that Plaintiffs failed to allege facts to support their conclusory allegations, but also on the grounds that they are expressly preempted by federal law, and the dormant Commerce Clause precludes them.  These are defects that cannot be cured by an amendment.

If Plaintiff's Complaint survives a Motion to Dismiss, and Plaintiff seeks to serve any discovery prior to their motion for class certification, such discovery should focus solely on information relevant to class certification.

**9.      Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k) and 16.1 should be dispensed with in whole or in part for economy.**

At this time, the parties do not believe that the pretrial statements or pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k) and 16.1 should be dispensed with in whole or in part for economy. The parties reserve the right to amend later if it becomes too burdensome.

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 9

**10.     Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.**

The parties do not intend to utilize the Individualized Trial Program pursuant to Local Civil Rule 39.2. The parties are open to exploring private mediation, depending on the outcome of Defendant's Motion to Dismiss.

**11.     Any other suggestions for shortening or simplifying the case.**

None at this time.

**12.     The date the case will be ready for trial.**

The parties anticipate that this case will be ready for trial, if one is necessary, within **fourteen (14) months** of the Court's decision on Defendant's Motion to Dismiss Plaintiffs' Complaint.

**13.     Whether the trial will be jury or non−jury.**

Plaintiffs have requested a trial by jury.

**14.     The number of trial days required.**

The parties anticipate a jury trial lasting 7 days.

**15.     The names, addresses, and telephone numbers of all trial counsel.**

Counsel for Plaintiffs:
Samuel J. Strauss
Raina C. Borrelli, *pro hac vice* application forthcoming
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops, admitted *pro hac vice*
Natalie A. Lyons, *pro hac vice* application forthcoming
Ian R. Bensberg, *pro hac vice* application forthcoming
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481

ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV, *pro hac vice* application forthcoming
Michael C. Tackeff, admitted *pro hac vice*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

Counsel for Defendant:
Chad D. Silker, *pro hac vice* application forthcoming
**MACY'S LAW DEPARTMENT**
11477 Olde Cabin Road, Suite 400
St. Louis, Missouri 63141
Tel: (314) 342-6379
chad.silker@macys.com

Meegan B. Brooks
Stephanie Sheridan, *pro hac vice* application forthcoming
Christopher Stretch, *pro hac vice* application forthcoming
Whitney R. Miner, *pro hac vice* application forthcoming
**BENESCH FRIEDLANDER COPLAN & ARONOFF, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
Tel: (628) 600-2250
mbrooks@beneschlaw.com
ssheridan@beneschlaw.com
cstretch@beneschlaw.com
wminer@beneschlaw.com

**16.    The dates on which Trial Counsel may have conflicts or other complications to be considered in setting a trial date.**

At this time, the parties do not have any conflicts or other complications when setting a trial date. If a conflict or complication arises, the parties are to immediately notify the Court.

**17.    If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

All named defendants have been properly served in this case.

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 11

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

**18.    Whether any party wishes a pretrial FRCP 16 conference with the judge prior to entry of any order pursuant to Rule 16 or setting of a schedule for this case. If yes, indicate whether a party wishes an in−person or telephonic conference.**

The parties do not wish to have a scheduling conference in advance of the Court's entry of a scheduling order in this case unless the Court sees fit.

**19.    List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

Defendant filed its Rule 7.1 disclosure statement on October 15, 2025, Dkt. 2.

FRCP 7.1 and Local Civil Rule 7.1 do not apply to individuals and thus does not apply to Plaintiffs.

*[Counsel signatures to follow on next page.]*

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 12

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

RESPECTFULLY SUBMITTED AND DATED this February 6, 2026, by:

/s/ Samuel J. Strauss
Samuel J. Strauss, WSBA No. #46971
Raina C. Borrelli,
*(pro hac vice* application forthcoming)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops (*pro hac vice)*
Natalie A. Lyons,
*(pro hac vice* application forthcoming)
Ian R. Bensberg,
*(pro hac vice* application forthcoming)
**COHENMALAD, LLP**
One Indiana Square, Suite 1400 Indianapolis,
IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV,
*(pro hac vice* application forthcoming)
Michael C. Tackeff (*pro hac vice*)
Andrew K. Murray,
*(pro hac vice* application forthcoming)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

*Counsel for Plaintiffs and the Proposed Class*

/s/Meegan B. Brooks
Meegan B. Brooks, WSBA No. #62516
Stephanie Sheridan,
*(pro hac vice* application forthcoming)
Christopher Stretch,
*(pro hac vice* application forthcoming)
Whitney R. Miner,
*(pro hac vice* application forthcoming)
**BENESCH FRIEDLANDER COPLAN & ARONOFF, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
Tel: (628) 600-2250
mbrooks@beneschlaw.com
ssheridan@beneschlaw.com
cstretch@beneschlaw.com
wminer@beneschlaw.com

Chad D. Silker,
*(pro hac vice* application forthcoming)
**MACY'S LAW DEPARTMENT**
11477 Olde Cabin Road, Suite 400
St. Louis, Missouri 63141
Tel: (314) 342-6379
chad.silker@macys.com

*Counsel for Defendant*

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 13