THE HONORABLE JOHN H. CHUN

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHANIE AGNEW, FELISA BRYANT, DEBORAH CERKEZOGLU, AZA ZHAMBEKOVA, and SHAWNA STUMP, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MACY'S RETAIL HOLDINGS, LLC, <br><br> Defendant. | Case No. 2:25-cv-02006-JHC <br><br> **DEFENDANT'S MOTION TO STAY DISCOVERY** <br><br> NOTE ON MOTION CALENDAR: MARCH 23, 2026 |

## I.     INTRODUCTION

Defendant Macy's Retail Holdings, LLC ("MRH") respectfully requests that the Court stay initial deadlines and the commencement of discovery in this case pending resolution of MRH's Motion to Dismiss the Complaint. Dkt. 15. MRH has moved to dismiss the entirety of Plaintiffs' Complaint on the basis that it is preempted by federal law.  There is no reason for Macy's to spend the tremendous time and resources that would be required to respond to Plaintiffs' burdensome discovery requests at this early stage, when the case could soon be dismissed.  The Court should therefore stay all discovery until MRH's pending motion to dismiss is decided.

This Motion to Stay is supported by the arguments and authorities below, as well as the Declaration of Meegan B. Brooks submitted herewith ("Brooks Decl.").

DEFENDANT'S MOTION TO STAY DISCOVERY - Case No. 2:25-cv-2006-JHC

1

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

## II.    FACTUAL BACKGROUND

### A.    Procedural Status

Plaintiffs filed the instant action on September 10, 2025, in King County Superior Court. *See* Dkt. 1. MRH removed the action to this Court on October 15, 2025. *Id.* MRH filed a motion to dismiss the Complaint on December 5, 2025. Dkt. 15. MRH's Motion contends, *inter alia*, that Plaintiffs' claim under Washington's Consumer Electronic Mail Act, RCW 19.190.020(1)(b) ("CEMA"), is expressly preempted by the CAN-SPAM Act, 15 U.S.C. § 7707(b)(1). As explained in the Motion, for Plaintiffs to avoid CAN-SPAM preemption, they would need to plead a claim in fraud, and the Complaint fails to do so. Dkt. 15 at 11–17.

On November 21, 2025, this Court entered an order regarding initial case deadlines. Dkt. 12. The parties held the 26(f) conference on December 15, 2025. Brooks Decl. ¶ 3. During the Rule 26(f) conference, MRH's counsel asked if Plaintiffs would stipulate to a stay of discovery pending the Court's ruling on MRH's Motion to Dismiss. *Id.* ¶¶ 3, 4. Plaintiffs' counsel refused MRH's request. *Id.* ¶ 4.

On January 23, 2026, Plaintiffs then served MRH with broad discovery requests—13 interrogatories, 24 requests for production, and 29 requests for admission—in addition to a Notice of 30(b)(6) deposition. *Id.* ¶ 5. MRH's responses to the discovery requests are due March 26, 2026. *Id.*

### B.    Plaintiffs' Discovery Requests

Plaintiffs' discovery requests sweep broadly and encompass much more than is necessary to seek class certification. For example, Plaintiffs vaguely ask MRH to "[d]escribe the criteria used to determine who [MRH] would send marketing emails to" and to "[d]escribe the decision-making process that [MRH] use[s] to determine what marketing emails [MRH] send[s] and/or will send to consumers." *Id.* ¶ 6. Similarly, Plaintiffs request "[a]ll documents and communications concerning the creation, drafting, testing, review, approval, modification, timing, or dissemination of marketing emails or subject lines," "[a]ll marketing, promotional, or advertising emails sent or caused to be sent by [MRH] during the Class Period, including all associated subject lines" and "[a]ll drafts, versions, templates, and iterations of

DEFENDANT'S MOTION TO
STAY DISCOVERY - Case No.
2:25-cv-2006-JHC

2

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

marketing emails and subject lines used during the Class Period." *Id.* ¶ 7. Plaintiffs also confoundingly request "[a]ll documents identifying or referencing members of the putative Class." *Id.*

Plaintiffs' 30(b)(6) Notice contains 31 broad categories, including "[a]ny internal or external research, surveys, experimentation, consumer feedback, or analytics regarding the effectiveness of subject lines in driving opens and clicks" and "[t]he process for planning, drafting, approving, and sending marketing emails, including how subject lines are proposed, reviewed, revised, approved, and finalized." *Id.* ¶ 8.

Following service of the discovery requests, Plaintiffs proposed a "compromise" set of discovery which consisted of two broad categories: (1) "The number of unique Washington email addresses or persons that received marketing emails in the 4 years preceding the filing of the Complaint; and (2) "A production of a template of each marketing email that was sent in the 4 years preceding the filing of the Complaint." *Id.* ¶ 9.

In short, Plaintiffs' discovery requests, including Plaintiffs' proposed "compromise" discovery requests, are not limited to documents that relate to MRH's motion to dismiss, or even to achieving class certification. They are broad, overreaching requests that amount to a fishing expedition when this case could be dismissed in its entirety. Moreover, the requests reflect Plaintiffs' attempts to discover facts that should have been pled in the Complaint.

Because the parties have been unable to reach an agreement, MRH now brings this Motion to Stay.

## III.     LEGAL STANDARDS

This Court has wide discretion to stay the initial case deadlines, and the corresponding commencement of discovery, while a dispositive motion to dismiss is pending. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). A court may relieve a party of the burdens of discovery while a motion is pending pursuant to its inherent authority over discovery matters and also pursuant to the Federal Rules of Civil Procedure. *Id.*; Fed. R. Civ. P. 26(c) (court may deny or limit discovery upon a showing of good cause). Stays are appropriate where it "furthers the goal of efficiency for the court and litigants." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.

DEFENDANT'S MOTION TO
STAY DISCOVERY - Case No.
2:25-cv-2006-JHC

3

1988); *see also* Fed. R. Civ. P. 1 (Federal Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

## IV.     THE COURT SHOULD STAY DISCOVERY AND INITIAL CASE DEADLINES PENDING A DECISION ON DEFENDANT'S MOTION TO DISMISS

"A court applies a two-part test when deciding whether to grant a stay of discovery based on a pending dispositive motion. First, the pending motion must be potentially dispositive of the entire case, or at least on the issue to which discovery is directed. Second, the court must determine if the pending dispositive motion can be decided without additional discovery." *In re Amazon Prime Video Lit.*, No. 24-cv-0186-BJR, 2025 WL 254546, at *1 (W.D. Wash. Jan. 21, 2025); *see also Wysocki v. ZoomInfo Tech. Inc.*, No. 22-cv-5453-DGE, 2023 WL 3160681, at *1 (W.D. Wash. Apr. 28, 2023); *Zeiger v. Hotel Cal. by the Sea LLC*, No. 21-cv-1702-TL-SKV, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022); *Ahern Rentals Inc. v. Mendenhall*, No. 20-cv-0542-JCC, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020).

Here, both of these factors weigh in favor of a stay.

### A.     MRH's Motion to Dismiss the Complaint Seeks Dismissal of the Entire Action.

"It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). This Court has routinely agreed. *See, e.g.*, *In re Amazon Prime Video Lit.*, 2025 WL 254546, at *1; *United Fin. Cas. Co. v. Aman Expedite, LLC*, No. 23-cv-0587-BJR, 2024 WL 4625440, at *2 (W.D. Wash. Oct. 30, 2024); *Taylor v. Amazon.com, Inc.*, No. 24-cv-0169-MJP, 2024 WL 3346220, at *1 (W.D. Wash. July 9, 2024); *In re Amazon Serv. Fee Lit.*, No. 22-cv-0743-TL, 2022 WL 22877300, at *1 (W.D. Wash. Dec. 23, 2022); *Nissen v. Lindquist*, No. 16-cv-5093-BHS, 2016 WL 2866303, at *1 (W.D. Wash. May 17, 2016) (all quoting *Rutman Wine* and staying discovery pending resolution of dispositive motion).

Indeed, in one of the numerous[1] similar subject line cases filed by Plaintiffs' counsel, *Bajwa v. Nat'l Auto. Parts Assoc., LLC*, No. 2:25-cv-2280-RAJ (W.D. Wash.), ECF No. 1-1, Judge Jones, recognizing the dispositive nature of the defendant's motion to dismiss, issued an order *sua sponte* staying all initial case deadlines (and therefore subsequent discovery) until resolution of the defendant's motion to dismiss. *Id.*, Minute Order dated Nov. 24, 2025. Similarly, the court has granted stays in at least two other similar CEMA cases. In *Brown v. Old Navy*, this Court granted the defendant's motion to stay in part, staying discovery generally but allowing the plaintiffs to pursue discovery only "to identify entities to 'ensure that they receive preservation notices.'" No. 23-cv-0781-JHC (W.D. Wash.), ECF No. 26. In *Shahpur v. Ulta Salon Cosmetics & Fragrance, Inc.*, the U.S. District Court for the Eastern District of Washington granted a stay pending a decision on the defendant's motion to dismiss, pointing out that the plaintiff had not identified any prejudice that would result from a stay, that discovery had not yet commenced, and that the plaintiffs did not contend that the motion to dismiss raised any factual questions that could not be decided without discovery. No. 25-cv-0284-RLP (E.D. Wash.), ECF No. 48. Notably, the court in *Shahpur* took into consideration that there were other similar putative class actions pending and that "[t]he close timing of the cases and the similar issues suggest efficiency is served by a stay." *Id.* at 5.

Here, as in *Bajwa*, *Brown*, and the cases cited above, MRH moved to dismiss the *entirety* of the Complaint as a matter of law, and MRH's Motion should be granted. For purposes of this Motion to Stay, MRH need not establish here that the Motion *will* be granted—rather, it is enough to show that the pending motion is not frivolous and *may* be dispositive of the entire dispute. "Defendant is not required to show that the Complaint has virtually no chance of surviving the Motion to Dismiss. It is simply relevant that the motion may be completely dispositive." *Subspace Omega, LLC v. Amazon Web Serv., Inc.*, No. 23-cv-1772-TL, 2024 WL 4451404, at *2 (W.D. Wash. Oct. 9, 2024) (granting stay of discovery pending outcome of motion to dismiss, this Court noting that "the motion is not frivolous and could dispose of the entire case, as Defendant seeks dismissal of all of Plaintiff's claims"); *Gossage v. Off. of Pers. Mgmt.*, No.

---

[1] Plaintiffs' counsel have filed at least 31 CEMA cases in the last six months.

DEFENDANT'S MOTION TO
STAY DISCOVERY - Case No.
2:25-cv-2006-JHC

5

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

24-cv-5765-TMC, 2025 WL 437752, at *2 (W.D. Wash. Feb. 7, 2025) (quoting *Subspace Omega* and staying discovery); *see also Moss v. Cleo AI, Inc.*, No. 25-cv-0879-MLP (W.D. Wash. July 20, 2025), ECF No. 44 (Order Granting Motion to Stay, finding defendant's motion to dismiss to be "not frivolous"). MRH's Motion is far from frivolous and, if granted, it will be dispositive of the entire dispute.

**B.      No Discovery is Necessary for the Court to Rule Upon MRH's Motion to Dismiss the Complaint.**

MRH's Motion challenges Plaintiffs' theory of liability as a matter of law. Discovery is not necessary to determine whether Plaintiffs' CEMA claim is preempted by federal law or pled with the requisite particularity. Plaintiffs' broad discovery requests are not germane to these threshold legal questions and have no bearing upon whether the Complaint states a claim as pled. *See* Brooks Decl., ¶¶ 5–8. Because the Motion does not raise any issues of fact, and only issues of law, there is no question that the Court can rule upon it without any discovery whatsoever. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion.").

**C.      The Equities Favor a Stay.**

In addition to the two-part test articulated above, and consistent with its inherent powers, "[a] court may also consider other factors, including the risk of unfair prejudice to the party opposing the stay and the conservation of the court's resources." *Amazon Prime Video Lit.*, 2025 WL 254546, at *1 (quotations omitted). Here, these equitable considerations also favor a stay.

First, a stay of discovery will conserve private (and potentially judicial) resources and expenses that may prove entirely unnecessary. *Silbaugh v. Chao*, No. 17-cv-1759-RSM, 2018 WL 2317555, at *1 (W.D. Wash. May 22, 2018) (staying discovery pending resolution of motion to dismiss: "Defendant reasonably contends that discovery may be an unnecessary expense in this case . . . . By moving now, Defendant may save both parties time and money."). The burden of discovery in this case is especially pronounced given that Plaintiffs seek to pursue a putative class action under Rule 23. The broad discovery requests served by Plaintiffs demonstrate the immense burden discovery will put on MRH before its dispositive motion has even been decided. Before the legal theory of the Complaint is even assessed,

DEFENDANT'S MOTION TO
STAY DISCOVERY - Case No.
2:25-cv-2006-JHC

6

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

discovery sought by Plaintiffs would span the entire putative class, which only further counsels in favor of a stay.

Second, a discovery stay will not prejudice Plaintiffs in any way. They do not need discovery to respond to MRH's Motion (indeed, the Motion is fully briefed). Should MRH's Motion be denied, discovery will commence and proceed apace, consistent with this Court's scheduling order and Plaintiffs will be free to use the tools of civil discovery at their disposal. But nothing in the record provides even an inference that those tools are necessary at this point to avoid prejudice to Plaintiffs.

By contrast, forcing MRH to undergo the expense and time burdens of discovery when the entire case may be dismissed as a matter of law is contrary to the purposes of Rule 12(b)(6) and prejudicial to MRH at this juncture. "'The purpose of [Fed. R. Civ. P.] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints *without subjecting themselves to discovery*.'" *See Nissen v. Lindquist*, 2016 WL 2866303, at *1 (emphasis added) (quoting *Rutman Wine Co*., 829 F.2d at 738) (granting motion to stay discovery). As multiple courts have explained, "'[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.'" *Id.* at *1 (*quoting Rutman Wine Co*., 829 F.2d at 738). So too here.

### D.    Plaintiffs' Discovery Requests Amount to an Improper Fishing Expedition.

It is well established that plaintiffs "cannot use discovery as a fishing expedition to support conclusory claims." *Ali v. City of Culver City*, 2020 WL 14032073, at *5 (C.D. Cal. Dec. 9, 2020); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"). That is precisely what Plaintiffs attempt to do here.

As alleged in MRH's Motion to Dismiss, the Complaint does not plausibly allege that MRH's subject lines were false or deceptive. *See* Dkt. 15 at 21–23. At best, the Complaint alleges that MRH held similar sales close in time to each other. With their broad discovery requests, Plaintiffs are clearly hoping

DEFENDANT'S MOTION TO
STAY DISCOVERY - Case No.
2:25-cv-2006-JHC

7

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

to uncover facts that would allow them to state a claim—the very definition of a discovery fishing expedition. This is improper and unnecessarily burdensome. A discovery stay is warranted.

## V.    CONCLUSION

For the reasons explained above, MRH's Motion to Stay Pending Resolution of Motion to Dismiss the Complaint should be granted, and discovery should be stayed until MRH's Motion to Dismiss the Complaint is decided.


DATED: March 2, 2026

BALLARD SPAHR LLP


By: _s/ Meegan B. Brooks_
    Meegan B. Brooks, WSBA No. 62516
    71 Stevenson Street, Suite 400
    San Francisco, California 94105
    Phone: 415.318.2770
    Email: brooksm@ballardspahr.com

    *Attorneys for Defendant MRH Retail Holdings LLC*

I certify this Memorandum contains 2452 words in compliance with the Local Civil Rules.

DEFENDANT'S MOTION TO
STAY DISCOVERY - Case No.
2:25-cv-2006-JHC

8

1

## CERTIFICATE OF SERVICE

I, Meegan B. Brooks, hereby certify that on March 2, 2026, I cause the foregoing to be electronically filed with the Court using the Court's CM/ECF System which will send an electronic copy to all parties and their counsel of record.


                                    /s/ Meegan B. Brooks
                                    Meegan B. Brooks

DEFENDANT'S MOTION TO
STAY DISCOVERY - Case No.
2:25-cv-2006-JHC

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770