**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| STEPHANIE AGNEW, FELISA BRYANT, DEBORAH CERKEZOGLU, AZA ZHAMBEKOVA, and SHAWNA STUMP, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MACY'S RETAIL HOLDINGS, LLC,<br><br>Defendant. | Case No. 2:25-cv-02006-JHC<br><br>Honorable Judge John H. Chun<br><br>PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY |

## I. INTRODUCTION

Plaintiffs Felisa Bryant, Deborah Cerkexoglu, Aza Zhambekova, and Shawna Stump ("Plaintiffs"), by their counsel, respond in opposition to Defendant Macy's Retail Holdings, LLC's ("Macy's" or "Defendant") request that this Court impose a blanket stay of discovery while its Motion to Dismiss the Complaint (Dkt. 15) is pending. Such stays are disfavored and require a strong showing of good cause. Macy's has not come close to meeting this burden. Courts in the Western District of Washington have held that the mere filing of a motion to dismiss does not justify halting discovery. Macy's claim that its Motion to Dismiss may dispose of the case is premature and speculative.



**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636 -6481 • cohenmalad.com

This Court has already denied multiple motions to dismiss in cases with nearly identical claims and defenses by retailers in other cases under the same statute. *See, e.g.*, *Shahpur v. Ulta Salon, Cosms. & Fragrance, Inc.*, No. 2:25-CV-00284-RLP, __ F. Supp. 3d __, 2026 WL 571122 (E.D. Wash. Feb. 27, 2026); *Kempf, et al., v. FullBeauty Brands Ops.,* No. C25-1141 TSZ, 2026 WL 395677 (W.D. Wash. Feb. 12, 2026); *Ma v. Nike, Inc.,* No. 2:25-cv-01235-JLR, 2026 WL 100731 (W.D. Wash. Jan. 14, 2026); *Harrington v. Vineyard Vines, LLC,* No. C25-1115 TSZ, __ F. Supp. 3d __, 2025 WL 3677479 (W.D. Wash. Dec. 18, 2025); *see also generally Brown v. Old Navy, LLC*, 567 P.3d 38 (Wash. 2025). Plaintiffs offered a compromise by proposing limited discovery focused on class size and representative email templates before the Court issues its determination of the Rule 12 motion. Macy's assertion that "there is no reason for Macy's to spend the tremendous time and resources that would be required to respond to Plaintiffs' burdensome discovery requests at this early stage" (Dkt. 26, "Mot.") grossly misrepresents the limited discovery that Plaintiffs sought. Despite Plaintiffs' offer, Macy's seeks a complete discovery freeze. Because Macy's fails to demonstrate good cause under Federal Rule of Civil Procedure 26(c), and because a stay would prejudice Plaintiffs, the Court should deny Defendant's Motion in full. Plaintiffs' Response in Opposition to Defendant's Motion to Stay is supported by the arguments and authorities below, as well as the Declaration of Lynn A. Toops submitted herewith ("Toops Decl.").

## II. BACKGROUND

Plaintiffs are Washington consumers who share a common affliction; their email inboxes are infected with deceptive emails warning of impending deadlines and urging them to participate in promotional offers lest the opportunity be lost. To the consumers' detriment, transmitting such



COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636 -6481 • cohenmalad.com

messages have no intention of educating consumers about deals nor communicating accurate terms.

Impending deadlines. Fleeting deals. When presented accurately, subject lines containing these facts make for an informed consumer. Yet some retailers fabricate details so they can pressure and mislead consumers with false representations about the time scarcity of offers. Macy's is such a retailer.

Plaintiffs filed their complaint in King County Superior Court on September 10, 2025, detailing how Defendants' marketing emails deceive consumers in violation of Washington's Commercial Electronic Mail Act ("CEMA"). (Dkt. 1). On October 15, 2025, Macy's removed the action to this Court. *Id.* Defendant filed the instant motion to stay discovery on March 2, 2026. (Dkt. No. 26, 27). Macy's approach is, by no means, novel. It seeks what large companies often seek: special treatment.

## III. LEGAL STANDARD

District courts have broad discretion to supervise the discovery process. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The party seeking a stay bears the burden of showing good cause and reasonableness. Fed. R. Civ. P. 26(c). Courts in the Western District of Washington apply a two-part test when considering whether to stay discovery pending a dispositive motion: (1) whether the pending motion is potentially dispositive of the entire case or the issue on which discovery is sought; and (2) whether the motion can be decided without additional discovery. *In re Amazon Prime Video Litig.*, No. 24-cv-0186, 2025 WL 254546, at 1 (W.D. Wash. Jan. 21, 2025). Even if these factors are satisfied, courts must also consider the prejudice to the non-moving party and whether a stay would promote judicial economy. *Little*, 863 F.2d at 685.



**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636 -6481 • cohenmalad.com

Importantly, discovery should not be stayed simply because a motion to dismiss has been filed. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995) (quoting *Gray,* 133 F.R.D. at 40). This Court has relied on this same reasoning to deny motions to stay discovery. *See Clark v. Whitepages, Inc.*, 2:25-CV-00810-TL, 2026 WL 100727 (W.D. Wash. Jan. 14, 2026).

## IV. ARGUMENT

### A. Defendant Has Not Demonstrated That Its Motion To Dismiss Is Clearly Dispositive.

Defendant has no true basis for its assertion that its motion to dismiss could dispose of the case, especially where several recent decisions have rejected substantively identical arguments on substantively identical pleadings. *See, e.g.*, *Ulta*, 2026 WL 571122; *Kempf*, 2026 WL 395677; *Ma*, 2026 WL 100731; *Harrington*, 2025 WL 3677479. In *all* the cases listed, this Court denied defendant's motion to dismiss based on the conclusion that plaintiff plausibly pleaded that defendant had actual and/or constructive knowledge of plaintiff's Washington residency before sending emails with allegedly false or misleading subject lines. Similarly in this case, Plaintiffs have plead claims under CEMA and Washington Consumer Protection Act and shown with "particularity a pattern of sending commercial emails to addresses" that Macy's knew or should have known belonged to Washington residents with subject lines containing allegedly false or misleading information. *Harrington, 2025 WL 3677479*. Furthermore, Macy's argues that



**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636 -6481 • cohenmalad.com

Plaintiffs' claims under CEMA are preempted by the CAN-SPAM Act. Courts have repeatedly recognized that CAN-SPAM does not preempt state law claims involving falsity or deception in commercial emails. (Dkt. 17, at 3-9), *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040 (9th Cir. 2009) (collecting cases). Again, these arguments have been recently rejected in four decisions from this Court and there is no basis that Macy's Motion to Dismiss will be any different.

Macy's cites *Brown v. Old Navy* to support its argument that as in *Brown*, Macy's moved to dismiss the entirety of the Complaint, and because the Court granted a stay of discovery in *Brown*, a discovery stay should be granted here. Mot., 5. If Defendant is making the comparison to *Brown*, it should be noted that the motion to dismiss was evidently not dispositive; even more reason to allow for discovery pending resolution of Defendant's Motion to Dismiss as a discovery stay would only delay the case and prejudice Plaintiffs.

**B. Discovery Is Relevant Regardless Of The Motion To Dismiss.**

Plaintiffs' discovery requests focus on core issues, including:

- the scope of Defendant's marketing email campaigns;
- the number of Washington consumers who received the emails;
- Defendant's drafting and approval of subject lines; and
- internal marketing policies and practices.

Toops Decl. ¶¶ 3, 4. Even if the Court were to grant Defendant's motion in part, these topics would remain central to the claims alleged and class certification. Courts deny discovery stays where discovery relates to class certification or other issues that will persist regardless of the motion. *See Mlejnecky v. Olympus Imaging Am. Inc.*, 2011 WL 489743 (E.D. Cal. Feb. 7, 2011).



COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636 -6481 • cohenmalad.com

Additionally, Plaintiffs sent a draft protective order and ESI Protocol in line with the Court's model forms and requested to meet and confer on February 26, 2026, before Defendant filed its Motion to Stay. Toops Decl. ¶ 7. Defendant should not be permitted to use its bid for a stay as a mechanism to avoid negotiation and entry of the Protective Order and ESI Protocol that will ultimately guide discovery.

**C. Plaintiffs Will Be Prejudiced By A Discovery Stay.**

A stay prejudices Plaintiffs' ability to obtain evidence necessary to prosecute their claims. Electronic marketing data and internal communications may become more difficult to locate as time passes. Delaying discovery also slows the overall progress of the case and undermines the Federal Rules' mandate to secure the "just, speedy, and inexpensive determination" of actions. Fed. R. Civ. P. 1.

Notably, Plaintiffs presented a reasonable compromise to Defendant by proposing limited initial discovery to narrow the scope of discovery to reach a compromise and avoid motion practice. Toops Decl. ¶ 5. During the Rule 26(f) conference, Macy's is correct that it asked Plaintiffs if they would stipulate to a stay of discovery pending the Court's ruling on its Motion to Dismiss to which Plaintiffs did not agree. Mot., 2. However, what Macy's failed to mention is during that same Rule 26(f) conference the offer of a potential discovery compromise was discussed pending Defendant's Motion to Dismiss. Toops Decl. ¶ 2. In line with Rule 26, following the conference Plaintiffs served their First Set of Interrogatories, Requests for Admission, and Requests for Production along with noticed Rule 30(b)(6) deposition topics on Defendant on January 23, 2026. Toops Decl. ¶ 3. Shortly thereafter, on January 27, 2026, understanding that Defendant opposed full discovery at this time, Plaintiffs proposed a narrowed two (2) discovery



COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636 -6481 • cohenmalad.com

requests as a compromise while the Motion to Dismiss is pending. The discovery requests offered were:

1. The number of unique Washington email addresses or persons that received marketing emails in the 4 years preceding the filing of the Complaint.
2. A production of a template of each marketing email that was sent in the 4 years preceding the filing of the Complaint. Toops Decl. ¶ 6.

Contrary to Defendant's misleading narrative (Mot., 3), Defendant never attempted to reach an agreement regarding discovery and instead filed its Motion. Defendant's statement, "Because the parties have been unable to reach an agreement, MRH now brings this Motion to Stay," is false. *Id*. Despite Plaintiffs' efforts to narrow discovery, Defendant did not formally respond to the proposed discovery compromise sent on January 27, 2026, nor was a counterproposal made. Toops Decl. ¶ 8. Instead, Defendant took the issue to the Court without further meet and conferring. *Id*.

**D. Defendant's Burden Arguments Are Insufficient.**

Defendant claims that responding to discovery would impose a significant burden—specifically at Mot., 7, Defendant states that "forcing" it to engage in discovery would be prejudicial at this juncture due to the expense and time burdens. However, generalized assertions of burden do not establish good cause under Rule 26(c). The discovery requests concern Defendant's own email marketing campaigns, records, and systems. Such information should be readily available to Defendant. So, on their face, Defendant's burden arguments fail.

Plaintiffs contend that a stay is not justified simply because discovery may cost money. *See, e.g.*, *Hoopes Vineyard LLC v. Cnty. of Napa,* 2025 WL 41929, at *1 (N.D. Cal. Jan. 6, 2025) ("Moreover, Napa County fails to identify a particular or specific need for a protective order,



COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636 -6481 • cohenmalad.com

asserting only that a stay will promote efficiency for the Court and the parties and conserve the parties' resources. Such blanket concerns, which are true in the mine run of litigation, do not establish good cause for a protective order."); *Smith v. Levine Leichtman Cap. Partners Inc.*, 2011 WL 13153189, at *2 (N.D. Cal. Feb. 11, 2011) ("The expense of discovery alone does not amount to good cause to stay discovery based on Defendant's argument that they are likely to succeed on the pending motions and could therefore avoid unnecessary expenses."). By providing nothing more than vague references to costs and burdens, Macy's failed to demonstrate hardship or inequity to justify a stay of discovery.

Defendant has acted unreasonably in the face of Plaintiffs' efforts to narrow the scope of discovery pending the motion to dismiss. Toops Decl. ¶¶ 5, 6. Plaintiffs have made a good faith effort to compromise by offering that Defendant respond to two limited requests pending the Court's determination of the motion to dismiss, while negotiating a protective order and ESI protocol. Toops Decl. ¶¶ 6, 7. Defendant cannot argue "burden" when it has failed to engage with Plaintiffs on potential compromises.

## V. CONCLUSION

Defendant calls Plaintiffs' discovery a fishing expedition. Mot., 3. But Defendant is simply attempting to evade discovery by its Motion. Macy's has not demonstrated that a stay of discovery is warranted. Its motion to dismiss is not clearly dispositive, discovery is relevant to issues that will remain in the case, and a stay would prejudice Plaintiffs while unnecessarily delaying the litigation. For these reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Stay Discovery.

*[Counsel signatures to follow on next page.]*



COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636 -6481 • cohenmalad.com

DATE: March 17, 2026

Respectfully submitted,

*/s/ Lynn A. Toops*
Lynn A. Toops *(pro hac vice)*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

*/s/ Samuel S. Strauss*
Samuel J. Strauss, WSBA No. 46971
Raina C. Borrelli*
**STRAUSS BORRELLI, PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

J. Gerard Stranch, IV*
Michael C. Tackeff *(pro hac vice)*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
mtackeff@stranchlaw.com

*Attorneys for Plaintiffs*

* Applications for admission *pro hac vice* forthcoming

**WORD COUNT CERTIFICATE**

I hereby certify that this response contains 2,095 words and does not exceed the 2,100-word limit pursuant to LCR 7(e)(4).

*/s/ Lynn A. Toops*
Counsel for Plaintiffs



COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636 -6481 • cohenmalad.com

## CERTIFICATE OF SERVICE

I, Lynn A. Toops, hereby certify that on March 17, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 17th day of March, 2026.

Respectfully submitted,

*/s/ Lynn A. Toops*
Lynn A. Toops *(pro hac vice)*
**CohenMalad, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com

*Counsel for Plaintiffs*
*and the Proposed Class*