IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEPHANIE AGNEW, FELISA BRYANT,
DEBORAH CERKEZOGLU, AZA
ZHAMBEKOVA, and SHAWNA STUMP, on
their own behalf and on behalf of others similarly
situated,

              Plaintiffs,

      v.

MACY'S RETAIL HOLDINGS, LLC,

              Defendant.

Case No. 2:25-CV-02006-JHC

**ORDER**

This matter comes before the Court on Defendant Macy's Retail Holdings, LLC's Motion to Dismiss Plaintiffs' Complaint. Dkt. # 15. The Court has considered the materials filed in support of any in opposition to the motion, the rest of the file, and the governing law. Being fully advised, for the reasons below, the Court DENIES the motion and DENIES as moot Defendant's Motion to Stay Discovery at Dkt. # 26.

First, Defendant argues that the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 (the CAN-SPAM Act) preempts Plaintiffs' claim under Washington's Commercial Electronic Mail Act, RCW 19.190 *et seq.* (CEMA). Dkt. # 15 at 11-17. But this Court has already rejected this theory. *See Jerde v. BYLT LLC*, 2026 WL 415445 (W.D. Wash.

ORDER - 1
Case No. 2:25-cv-02006-JHC

February 14, 2026).  In doing so, it relied on the analyses in these decisions from this District:

*Kempf v. Fullbeauty Brands Operations, LLC*, 2026 WL 395677 *4-5 (W.D. Wash. February 12, 2026); *Ma v. Nike, Inc.*, ___ F. Supp. 3d ___, 2026 WL 100731 *2-3 (W.D. Wash. Jan. 14, 2026); *Harrington v. Vineyard Vines, LLC*, ___ F. Supp. 3d ___, 2025 WL 3677479 *1 (W.D. Wash. Dec. 18, 2025), reconsideration denied, 2026 WL 125134 (W.D. Wash. Jan. 16, 2026). *Id.*

A recent decision from our neighboring District rejects this preemption theory as well. *See State of Washington et al. v. Ulta Salon Cosmetics & Fragrance, Inc.* ___ F. Supp. 3d ___, 2026 WL 571122 *3 (E.D. Wash. February 27, 2026); *see also Gordon v. Impulse Marketing Grp., Inc.*, 375 F. Supp. 2d 1040, 1046-46 (E.D. Wash. 2005).  As the court in *Ulta Salon* reasoned,

> Congress enacted CAN-SPAM in 2003 to "curb the negative consequences of spam and spamming practices without stifling legitimate commerce." CAN-SPAM expressly allows States to prohibit by "statute, regulation, or rule" either "falsity or deception" in "any portion of a commercial electronic mail message or information attached thereto." CEMA's subject-line provision, RCW 19.190.020(1)(b), falls within this exception: it imposes liability for sending a commercial e-mail that "[c]ontains false or misleading information in the subject line" to Washington residents. *Id.* Because CEMA's subject-line provision applies only to false or misleading information, it is not preempted by CAN-SPAM.
>
> * * *
>
> CEMA does not "sound in fraud." Furthermore, Congress opted not to use the word "fraud" in crafting the CAN-SPAM exception. The use of the words "falsity or deception" indicates Congress intended the CAN-SPAM exception to apply more broadly than claims of fraud.

2026 WL 571122 *3-4 (citations omitted).  The Court agrees with the reasoning in *Ulta Salon*, and Defendant does not persuade otherwise.[1]

---

[1] Thus, Rule 9(b)'s particularity requirement does not apply to Plaintiff's CEMA claim.

ORDER - 2
Case No. 2:25-cv-02006-JHC

Second, Defendant argues that the Dormant Commerce Clause renders CEMA unconstitutional.  Dkt. # 15 at 17-21.  It says that CEMA impermissibly regulates conduct outside Washington State and excessively burdens interstate commerce.  *Id.*  The Court agrees with the reasoning in *Kempf*, 2026 WL 395677 *5-7, and *Ulta Salon*, 2026 WL 571122 *4-5, rejecting such a challenge.  CEMA neither improperly discriminates in favor of in-state interests nor improperly controls commerce occurring wholly outside the state.  And because Defendant fails to show that CEMA substantially burdens interstate commerce, the Court need not engage in balancing under *Pike v. Bruce Church, Inc.*, 397 U.S. 137 (1970).

Third, and finally, Defendant says that Plaintiffs' Washington Consumer Protection Act fails because the CEMA claim fails.  But as discussed above, the CEMA claim does not fail on either the preemption or constitutionality arguments advanced by Defendant.  Thus, the CPA claim must remain.

For the above reasons, the Court DENIES the motion to dismiss.  And the Court DENIES as moot Defendant's Motion to Stay Discovery at Dkt. # 26.

Dated this 18th day of March, 2026.

John H. Chun
United States District Judge

ORDER - 3
Case No. 2:25-cv-02006-JHC