**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

STEPHANIE AGNEW, FELISA BRYANT, DEBORAH CERKEZOGLU, AZA ZHAMBEKOVA, and SHAWNA STUMP, on their own behalf and on behalf of others similarly situated,

Plaintiffs,

v.

MACY'S RETAIL HOLDINGS, LLC,

Defendant.

Case No. 2:25-cv-02006-JHC

**DEFENDANT MACY'S RETAIL HOLDINGS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**

## ANSWER

Defendant Macy's Retail Holdings, LLC ("Macy's") responds as follows to the Class Action Complaint submitted by Plaintiffs Stephanie Agnew, Felisa Bryant, Deborah Cerkezoglu, Aza Zhambekova, and Shawna Stump. To the extent Macy's does not expressly admit an allegation, Macy's denies it.

## I. INTRODUCTION

1. Macy's admits that the Commercial Electronic Mail Act ("CEMA") was enacted by the Washington Legislature and codified at chapter 190 of title 19 of the Revised Code of Washington. The remainder of the paragraph contains legal conclusions or assertions to which no response is required. To the extent a response is required, Macy's denies the remainder of this



BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

paragraph.

2. This paragraph contains legal conclusions or assertions to which no response is required. To the extent a response may be required, Macy's denies.

3. This paragraph contains legal conclusions or assertions to which no response is required. To the extent a response may be required, Macy's denies.

4. Denied.

5. Denied.

6. Denied.

7. This paragraph contains legal conclusions or assertions to which no response is required. To the extent a response may be required, Macy's denies.

## II. JURISDICTION AND VENUE

8. This case has been removed from the court where it was originally filed to the U.S. District Court for the Western District of Washington and, therefore, this allegation is no longer relevant, and no response is required. In any event, this paragraph contains legal conclusions or assertions to which no response is required. To the extent a response may be required, Macy's denies.

9. This case has been removed from the court where it was originally filed to the U.S. District Court for the Western District of Washington and, therefore, this allegation is no longer relevant, and no response is required. In any event, this paragraph contains legal conclusions or assertions to which no response is required. To the extent a response may be required, Macy's denies.

## III. PARTIES

10. Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

11. Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.



BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

12. Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

13. Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

14. Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

15. Macy's admits that its principal street address is at 151 West 34th Street, New York, NY, 10001, and that it has a registered agent in the State of Washington Corporate Creations Network, Inc., 707 W. Main Avenue #B1, Spokane, WA 99201. Otherwise, denied..

## IV. FACTUAL ALLEGATIONS[1]

16. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

17. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

18. This paragraph contains legal conclusions or assertions to which no response is required or otherwise does not require a response by Macy's. To the extent a response may be required, Macy's denies.

19. This paragraph contains legal conclusions or assertions to which no response is

[1] To the extent any header or sub-header in Plaintiffs' complaint is intended by Plaintiffs to be an allegation under Federal Rule of Civil Procedure 8, Macy's denies the same.

required or otherwise does not require a response by Macy's. To the extent a response may be required, Macy's denies.

20. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

21. Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document.

22. Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document.

23. This paragraph contains legal conclusions or assertions to which no response is required or otherwise does not require a response by Macy's. To the extent a response may be required, Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

24. This paragraph contains legal conclusions or assertions to which no response is required or otherwise does not require a response by Macy's. To the extent a response may be required, Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

25. This paragraph contains legal conclusions or assertions to which no response is

required or otherwise does not require a response by Macy's. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

26. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

27. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

28. This paragraph contains legal conclusions or assertions to which no response is required or otherwise does not require a response by Macy's. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

29. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the

allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

30. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

31. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

32. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

33. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

34. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further

response may be required, Macy's denies.

35. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

36. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

37. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

38. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

39. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's lacks sufficient knowledge or information to form a belief about

the truth of the allegations in this paragraph and, therefore, denies.

40. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

41. Denied.

42. Denied.

43. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the subject heading identified in this paragraph on February 13, 2024. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the email or are otherwise inconsistent with the email.

44. To the extent this paragraph contains legal conclusions or assertions, no response is required. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the subject heading identified in this paragraph on February 17, 2024. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the email or are otherwise inconsistent with the email.

45. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the subject heading identified in this paragraph on February 28, 2024. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the email or are otherwise inconsistent with the email.

46. To the extent this paragraph contains legal conclusions or assertions, no response is required. To the extent the allegations in this paragraph attempt to paraphrase or characterize

the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the subject heading identified in this paragraph on November 10, 2024. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the email or are otherwise inconsistent with the email.

47. This paragraph contains legal conclusions or assertions to which no response is required. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the subject heading identified in this paragraph on November 14, 2024. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the email or are otherwise inconsistent with the email.

48. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the subject heading identified in this paragraph on November 13, 2024. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the email or are otherwise inconsistent with the email.

49. Denied.

50. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the subject heading identified in this paragraph on November 16, 2024. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the email or are otherwise inconsistent with the email.

51. Denied.

52. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the subject heading identified in this paragraph on December 15, 2024. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or

characterizations of the email or are otherwise inconsistent with the email.

53. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the subject heading identified in this paragraph on December 18, 2024. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the email or are otherwise inconsistent with the email.

54. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the subject heading identified in this paragraph on December 20, 2024. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the email or are otherwise inconsistent with the email.

55. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

56. Denied.

57. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the subject heading identified in this paragraph on January 30, 2025. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the email or are otherwise inconsistent with the email.

58. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the subject heading identified in this paragraph on February 5, 2025. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or



BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

characterizations of the email or are otherwise inconsistent with the email.

59. Denied.

60. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the subject heading identified in this paragraph on February 17, 2025. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the email or are otherwise inconsistent with the email.

61. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the subject heading identified in this paragraph on March 15, 2025. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the email or are otherwise inconsistent with the email.

62. Denied.

63. Denied.

64. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the subject heading identified in this paragraph on April 15, 2025. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the email or are otherwise inconsistent with the email.

65. Denied.

66. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the first subject heading identified in this paragraph. Macy's also admits that it sent an email with the second subject heading identified in this paragraph on May 28, 2025. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the emails or are otherwise inconsistent with the emails.



BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

67. This paragraph contains legal conclusions or assertions to which no response is required. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the first subject heading identified in this paragraph on May 26, 2025. Macy's also admits that it sent an email with the second subject heading identified in this paragraph on June 12, 2025. Macy's also admits that it sent an email with the third subject heading identified in this paragraph on June 13, 2025. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the emails or are otherwise inconsistent with the emails.

68. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the first subject heading identified in this paragraph on July 13, 2025. Macy's also admits that it sent an email with the second subject heading identified in this paragraph on July 18, 2025. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the emails or are otherwise inconsistent with the emails.

69. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the first subject heading identified in this paragraph. Macy's also admits that it sent an email with the second subject heading identified in this paragraph on August 3, 2025. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the emails or are otherwise inconsistent with the emails.

70. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the first subject heading identified in this paragraph. Macy's also admits that it sent an email with the second subject heading identified in this paragraph on August 5, 2025. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or

characterizations of the emails or are otherwise inconsistent with the emails.

71. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the first subject heading identified in this paragraph. Macy's also admits that it sent an email with the second subject heading identified in this paragraph on August 11, 2025. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the emails or are otherwise inconsistent with the emails.

72. This paragraph contains legal conclusions or assertions to which no response is required. To the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself. Macy's admits that it sent an email with the first subject heading identified in this paragraph. Macy's also admits that it sent an email with the second subject heading identified in this paragraph on August 14, 2025. However, Macy's denies all other allegations in this paragraph, including to the extent they constitute opinions or characterizations of the emails or are otherwise inconsistent with the emails.

73. This paragraph contains legal conclusions or assertions to which no response is required. To the extent any response is required, Macy's denies.

74. Denied.

75. Denied.

76. Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

77. Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

78. Macy's admits that it has used an Oracle product to send at least some emails and that Macy's can determine from that product the email addresses to which such emails were sent. Macy's denies the remainder of the paragraph.

79. Denied.

80. Denied.

81. Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

82. Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

83. Denied.

84. Denied.

85. Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

86. Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

87. Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

88. Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

89. Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

90. Macy's lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and, therefore, denies.

91. Denied.

92. Denied.

## V. CLASS ALLEGATIONS

93. Plaintiffs have not moved for class certification and, thus, no class exists. Macy's reserves the right to oppose any motion to certify a class based on this paragraph. Further, this paragraph does not contain factual allegations to which a response is required. To the extent a response is required, Macy's denies, and specifically denies that certification of the putative class



BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

as defined in the Complaint – or any purported class or subclass is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

94. Plaintiffs have not moved for class certification and, thus, no class exists. Macy's reserves the right to oppose any motion to certify a class based on this paragraph. Further, this paragraph does not contain factual allegations to which a response is required. To the extent a response is required, Macy's denies, and specifically denies that certification of the putative class as defined in the Complaint – or any purported class or subclass is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

95. Plaintiffs have not moved for class certification and, thus, no class exists. Macy's reserves the right to oppose any motion to certify a class based on this paragraph. Further, this paragraph does not contain factual allegations to which a response is required. To the extent a response is required, Macy's denies, and specifically denies that certification of the putative class as defined in the Complaint – or any purported class or subclass is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

96. Plaintiffs have not moved for class certification and, thus, no class exists. Macy's reserves the right to oppose any motion to certify a class based on this paragraph. Further, this paragraph does not contain factual allegations to which a response is required. To the extent a response is required, Macy's denies, and specifically denies that certification of the putative class as defined in the Complaint – or any purported class or subclass is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

97. This paragraph contains legal conclusions or assertions to which no response is required. Macy's reserves the right to oppose any motion to certify a class based on the allegations in this paragraph. To the extent any further response may be required, Macy's denies, and specifically denies that certification of the putative class as defined in the Complaint – or any purported class or subclass is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

98. This paragraph contains legal conclusions or assertions to which no response is required. Macy's reserves the right to oppose any motion to certify a class based on the allegations in this paragraph. To the extent any further response may be required, Macy's denies, and specifically denies that certification of the putative class as defined in the Complaint – or any purported class or subclass is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

99. This paragraph contains legal conclusions or assertions to which no response is required. Macy's reserves the right to oppose any motion to certify a class based on the allegations in this paragraph. To the extent any further response may be required, Macy's denies, and specifically denies that certification of the putative class as defined in the Complaint – or any purported class or subclass is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

100. This paragraph contains legal conclusions or assertions to which no response is required. Macy's reserves the right to oppose any motion to certify a class based on the allegations in this paragraph. To the extent any further response may be required, Macy's denies, and specifically denies that certification of the putative class as defined in the Complaint – or any purported class or subclass is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

101. This paragraph contains legal conclusions or assertions to which no response is required. Macy's reserves the right to oppose any motion to certify a class based on the allegations in this paragraph. To the extent any further response may be required, Macy's denies, and specifically denies that certification of the putative class as defined in the Complaint – or any purported class or subclass is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

102. This paragraph contains legal conclusions or assertions to which no response is required. Macy's reserves the right to oppose any motion to certify a class based on the allegations

in this paragraph. To the extent any further response may be required, Macy's denies, and specifically denies that certification of the putative class as defined in the Complaint – or any purported class or subclass is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

103. This paragraph contains legal conclusions or assertions to which no response is required. Macy's reserves the right to oppose any motion to certify a class based on the allegations in this paragraph. To the extent any further response may be required, Macy's denies, and specifically denies that certification of the putative class as defined in the Complaint – or any purported class or subclass is appropriate and denies that Plaintiffs could satisfy the requirements of Rule 23.

## VI. CLAIMS TO RELIEF

### <u>First Claim to Relief</u>

### Violation of the Commercial Electronic Mail Act, RCW 19.190.020

104. Macy's restates and incorporates herein by reference all responses to paragraphs 1–92, above.

105. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

106. This paragraph contains legal conclusions or assertions to which no response is required. To the extent any response may be required, Macy's denies.

107. This paragraph contains legal conclusions or assertions to which no response is required. To the extent any response may be required, Macy's denies.

108. This paragraph contains legal conclusions or assertions to which no response is required. To the extent any response may be required, Macy's denies.



BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

109. This paragraph contains legal conclusions or assertions to which no response is required. To the extent any response may be required, Macy's denies.

110. Denied.

**Second Claim to Relief**

**Violation of the Consumer Protection Act, RCW 19.86.020**

111. Macy's restates and incorporates herein by reference all responses to paragraphs 1–92 above.

112. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

113. This paragraph contains legal conclusions or assertions to which no response is required. To the extent any response may be required, Macy's denies.

114. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

115. This paragraph contains legal conclusions or assertions to which no response is required. Further, to the extent the allegations in this paragraph attempt to paraphrase or characterize the contents of a document, the document speaks for itself, and Macy's denies the allegations to the extent they are inconsistent with the document. To the extent any further response may be required, Macy's denies.

116. This paragraph contains legal conclusions or assertions to which no response is required. To the extent any response may be required, Macy's denies.

117. This paragraph contains legal conclusions or assertions to which no response is required. To the extent any response may be required, Macy's denies.

118. This paragraph contains legal conclusions or assertions to which no response is required. To the extent any response may be required, Macy's denies.

119. This paragraph contains legal conclusions or assertions to which no response is required. To the extent any response may be required, Macy's denies.

120. Denied.

## VII. JURY DEMAND

121. This paragraph does not contain factual allegations to which a response is required. To the extent a response is required, Macy's denies.

## VIII. PRAYER FOR RELIEF

Macy's denies that Plaintiffs are entitled to any type of relief, judgment, or damages of any kind, including the relief requested in Plaintiffs' Complaint.

## MACY'S AFFIRMATIVE DEFENSES

Macy's has not completed its investigation of the facts of this case, has not performed discovery in this matter, and has not completed its preparation for trial. The defenses stated herein are based on Macy's knowledge, information, and belief at the present time and Macy's specifically reserves the right to modify, amend, or supplement any defense contained herein at any time. Without conceding that it bears the burden of proof of persuasion as to any of them, Macy's asserts the following separate specific defenses with respect to each and every claim in Plaintiffs' Complaint.

### First Affirmative Defense

Plaintiffs' claims and/or the claims of some of all putative class members are subject to dismissal, in whole or in part, because Plaintiffs have failed to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiffs cannot adequately represent the putative class because they cannot establish that they are entitled to any relief under the claims asserted. Plaintiffs' claims are also barred to the extent Plaintiffs are not adequate class representatives and/or have a conflict of interest.

**Third Affirmative Defense**

This action is not proper for class certification because Plaintiffs cannot meet the prerequisites for class certification under Federal Rule of Civil Procedure 23(a) or (b).

**Fourth Affirmative Defense**

Plaintiffs' claims and/or the claims of some of all putative class members are barred under the applicable statutes of limitation.

**Fifth Affirmative Defense**

Plaintiffs' claims and/or the claims of some of all putative class members are barred, in whole or in part, by the doctrines of estoppel, laches, acquiescence, ratification, waiver, unclean hands, consent, and/or assumption of risk.

**Sixth Affirmative Defense**

Plaintiffs' claims and/or the claims of some of all putative class members are barred, in whole or in part, because Macy's did not know, and did not have any reason to know, that the emails with allegedly false or misleading subject lines were sent to an electronic mail address held by a Washington resident, nor were computers located in Washington used to initiate, conspire to, or assist in the transmission of the emails.

**Seventh Affirmative Defense**

Plaintiffs' claims and/or the claims of some of all putative class members are preempted, in whole or in part, under the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM").

**Eighth Affirmative Defense**

Plaintiffs' claims and/or the claims of some of all putative class members are barred



BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

because they are unconstitutional due to violating U.S. Constitution, art. I, § 8, cl. 3, including under the Dormant Commerce Clause doctrine, and/or Macy's substantive due process rights under the Fifth and Fourteenth Amendments.

**Ninth Affirmative Defense**

Plaintiffs' claims and/or the claims of some of all putative class members are barred because they have suffered no injury and, thus, have no standing.

**Tenth Affirmative Defense**

Plaintiffs' claims and/or the claims of some of all putative class members are barred, in whole or in part, because the challenged subject lines, in whole or in part, constitute non-actionable opinion or puffery.

**Eleventh Affirmative Defense**

Plaintiffs' claims and/or the claims of some or all of the putative class members are premised on subject lines that were truthful, not false, and/or not misleading when made.

**Twelfth Affirmative Defense**

Plaintiffs' claims and/or the claims of some or all of the putative class members are premised on purported misstatements that were not material.

**Thirteenth Affirmative Defense**

Plaintiffs' claims and/or the claims of some or all of the putative class members are premised on subject lines on which neither they nor any putative class members relied on to their detriment and/or relied on whatsoever.

**Fourteenth Affirmative Defense**

Macy's did not act with actionable scienter in transmitting any subject lines alleged to be false or misleading.

**Fifteenth Affirmative Defense**

The residency of the Plaintiffs and/or some or all of the putative class members was not



BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

available, upon request, from the registrant of the internet domain name contained in the recipient's electronic mail address.

**Sixteenth Affirmative Defense.**

Plaintiffs and/or some or all of the putative class members were not residing in Washington on the transmittal date of the emails containing allegedly false or misleading subject lines.

**Seventeenth Affirmative Defense**

Plaintiffs and/or some or all of the putative class members were not "recipient[s]" under CEMA, RCW 19.190.010 *et seq.*, of any email with an allegedly false or misleading subject line.

**Eighteenth Affirmative Defense**

Macy's was not the proximate or actual cause of any alleged damages to Plaintiffs and/or some or all of the putative class members, which, if any, were caused by Plaintiffs, putative class members, third parties, or by any other superseding cause.

**Nineteenth Affirmative Defense**

The statutory damages and penalties sought by Plaintiffs and/or some or all of the putative class members are excessive and unconstitutional under the constitutions of the United States and the State of Washington, including under the due process provisions of each constitution.

**Twentieth Affirmative Defense**

Plaintiffs' claims and/or the claims of some or all of the putative class members are barred in whole or in part as impermissible restrictions on speech under the constitutions of the United States and the State of Washington.

**Twenty-First Affirmative Defense**

Plaintiffs' claims and/or the claims of some or all of the putative class members are barred in whole or in part by the due process provisions of the Washington and United States constitutions including because CEMA, RCW 19.190.010 *et seq.*, is unconstitutionally vague and imposes arbitrary, irrational, and/or disproportionate penalties in violation of due process.

**Twenty-Second Affirmative Defense**

Plaintiffs and/or some or all of the putative class members failed to take reasonable steps to mitigate damages or avoid consequences, and any recovery must be reduced and/or denied accordingly.

**Twenty-Third Affirmative Defense**

Plaintiffs' claims and remedies, and the claims and remedies of some or all of the putative class members, are diminished or barred to the extent that Macy's exercised reasonable care to prevent and correct conduct in violation of applicable law.

**Twenty-Fourth Affirmative Defense**

Plaintiffs' claims and/or the claims of some or all putative class members are barred, in whole or in part, by the applicable statute of limitations, including RCW 4.16.115 and/or RCW 4.16.080 to the extent applicable.

**Twenty-Fifth Affirmative Defense**

Plaintiffs and/or some or all putative class members are not entitled to equitable relief because legal remedies are adequate to redress the injury or damages allegedly suffered by Plaintiffs and the putative class members.

**Twenty-Sixth Affirmative Defense**

Macy's acted in good faith and in reliance on applicable law, regulations, and guidance.

**Twenty-Seventh Affirmative Defense**

Macy's did not act willfully in connection with any alleged violation.

**Twenty-Eighth Affirmative Defense**

Macy's complied with the letter and spirit of CEMA, RCW 19.190.010 *et seq*.

**Twenty-Ninth Affirmative Defense**

The claims of Plaintiffs and/or some or all of the putative class are barred, in whole or in part, by pending legislation. To the extent that proposed statutory changes—whether enacted before judgment or applied retroactively—modify, limit, or eliminate the causes of action asserted

or the remedies sought, Plaintiff's claims are or will become legally untenable

**Thirtieth Affirmative Defense**

Plaintiffs' claims and/or the claims of some or all putative class members are barred to the extent that any award in this action would constitute unjust enrichment.

**Thirty-First Affirmative Defense**

The Court can and should equitably reduce any statutory damages.

**Thirty-Second Affirmative Defense**

Mac's defenses are likewise asserted as defenses to the claims of any and all members of any class that may be certified in this case.

**Thirty-Third Affirmative Defense**

Plaintiffs and/or some or all of the putative class members are not entitled to damages because any such damages are speculative, excessive, arbitrary, unjust, unauthorized, or insufficiently certain.

**Thirty-Fourth Affirmative Defense**

To the extent CEMA, RCW 19.190.010 *et seq.*, purports to amend the Consumer Protection Act, RCW 19.86.010 *et seq.*, including but not limited to by defining or establishing, in whole or in part, violations of the Consumer Protection Act or remedies available for claims brought under the Consumer Protection Act, CEMA violates Article 2 Section 37 of the Washington Constitution, and Plaintiffs' claims are barred accordingly.

**Thirty-Fifth Affirmative Defense**

Plaintiffs' claims and/or the claims of some or all putative class members are barred, in whole or in part, by Macy's' Terms of Use or other terms that it furnished, or that Plaintiffs and/or some of all putative class members may have otherwise agreed to with Macy's.

**Thirty-Sixth Affirmative Defense**

Some or all of the absent members of the proposed class lack standing, and thus may not be included in any proposed class.



BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

**Thirty-Seventh Affirmative Defense**

Macy's has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses that may apply to the claims asserted in Plaintiffs' Complaint. Macy's therefore reserves the right to raise additional defenses that become known through the course of discovery and further investigation

## IX. PRAYER FOR RELIEF

Wherefore, Macy's prays for entry of judgment in its favor and against Plaintiffs as follows:

**A.** That no class action be certified under Rule 23;

**B.** That Plaintiffs' Complaint be dismissed in its entirety with prejudice;

**C.** That Plaintiffs and the putative class take nothing away of the Complaint;

**D.** A judgment of no damages;

**E.** An award of reasonable attorney fees and costs, as permitted; and

**F.** Such other relief as the Court deems just and reasonable under the circumstances.

## X. JURY DEMAND

Macy's requests a trial by jury on all issues raised by Plaintiffs' Complaint that are properly triable to a jury.

//

//



BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

DATED: April 1, 2026

BALLARD SPAHR LLP

By: */s/ Meegan B. Brooks*

Meegan B. Brooks, WSBA No. 62516
71 Stevenson Street, Suite 400
San Francisco, California 94105
Phone: 415.318.2770
Email: brooksm@ballardspahr.com

*Attorneys for Defendant Macy's Retail Holdings, LLC*

## CERTIFICATE OF SERVICE

I, Meegan B. Brooks, hereby certify that on April 1, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF System which will send an electronic copy to all parties and their counsel of record.

*/s/ Meegan B. Brooks*
Meegan B. Brooks


BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770