Honorable Judge John H. Chun

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## SEATTLE DIVISION

STEPHANIE AGNEW, FELISA BRYANT, DEBORAH CERKEZOGLU, AZA ZHAMBEKOVA, and SHAWNA STUMP on their own behalf and on behalf of others similarly situated,

Plaintiffs,

vs.

MACY'S RETAIL HOLDINGS, LLC,

Defendant.

Case No.: 2:25-cv-02006-JHC

Honorable John H. Chun

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND RULE 34 INSPECTION

Noting Date: June 24, 2026

**ORAL ARGUMENT REQUESTED**

The Court should grant the Motion, set responses on a date certain, overrule Macy's threshold objections, order a Rule 34 inspection, and deny Macy's request for fees.

## BACKGROUND

Plaintiffs first served their Interrogatories, Requests for Production, and Requests for Admission, and a Rule 34 inspection notice between January and March 2026. Declaration of Lynn A. Toops in Support of Motion to Compel ("Toops MTC Decl.") ¶ 3. On April 27, 2026, Defendant served objections and responses; Plaintiffs identified deficiencies and the parties conferred on May 7, 13, and 18, 2026. Reply Decl. ¶¶ 4-5; Toops MTC Decl. ¶¶ 3-4.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND RULE 34 INSPECTION 2:25-cv-02006-JHC

- 1 -

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801

Plaintiffs moved to compel on June 3, 2026. Dkt. 41. Nine days later, on June 12, 2026, Macy's served its First Supplemental Responses to Plaintiffs' First Set of Interrogatories (Reply Decl. ¶ 10, Ex. A) and its Second Supplemental Initial Disclosures (id. ¶ 12, Ex. B), and re-produced its sole document production, Bates Nos. MACYS00000001–000245 (*id*. ¶ 12). The supplemental interrogatory responses were expressly made "subject to" Macy's objections, stated that its investigation remained "ongoing," and continued to confine the responses to "the www.macys.com website, which is operated by Macys.com, LLC." *Id*. ¶ 10. On June 22, Macy's served responses to Plaintiffs' Second Set of Requests for Production and Interrogatories asserting the same general objections. *Id*. ¶ 13, Exs. C–D.

## I. Plaintiffs Satisfied Local Civil Rule 37, and Macy's Was Aware of the Issues the Motion Raised.

Macy's contends Plaintiffs failed to fulfill meet and confer obligations because Macy's did not know what Plaintiffs would move to compel. Opp. at 1-2. The record refutes that. Plaintiffs raised the same issues in writing before filing. Toops MTC Decl. ¶¶ 10-11, Exs. G-H. Macy's not only received those letters—it agreed at the first conference to supplement the interrogatories seeking that very information: who controls marketing (No. 1), what vendors and systems are used (Nos. 3, 4, 5, 10), how many emails were sent and to how many Washington recipients (Nos. 6, 7, 8), and what corrective measures were taken (No. 13). Brooks Decl. ¶¶ 4, 6; Opp. at 1-2, 7.

Plaintiffs' pre-filing deficiency letters made clear that motion practice would follow. Toops MTC Decl. ¶ 11, Exs. G-H. Macy's received them, conferred, and responded with the same objections..

## II. Macy's Post-Motion Supplementation Does Not Moot the Motion.

A motion to compel is not mooted by partial supplementation that leaves the challenged objections and deficiencies in place. Macy's June 12 responses do exactly that. They remain

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO COMPEL FURTHER
DISCOVERY RESPONSES
AND RULE 34 INSPECTION
2:25-cv-02006-JHC                              - 2 -

"subject to" the same broad objections—burden, proportionality, affiliates, confidentiality, privilege, vagueness, class discovery, and scope—and repeatedly state that Macy's investigation is "ongoing" and that Macy's reserves the right to amend or supplement later. Reply Decl. ¶ 10, Ex. A. Macy's also confirms the requested information exists and is classwide: it reports 14,051 unique marketing emails during the period (No. 6), that 45,150,762 individuals were sent at least one accused email (No. 7), and that 676,617 of those recipients are Washington residents (No. 8). *Id.*

In addition, Interrogatory No. 4 asks Macy's to identify every individual, agency, service, software, or company that participated in planning, sending, or drafting the accused emails. Toops MTC Decl., Ex. A-1 at 5-6. Macy's answered only by cross-reference to Nos. 1 and 3, without identifying who performed which function. Reply Decl. ¶ 11. Second, while Macy's now names the vendors, platforms, and systems it uses (Nos. 3, 5, 10), it does not state the time periods during which each was used. *Id.* Macy's produced this only after Plaintiffs moved—confirming its relevance and that no bifurcation was needed to provide it.

Macy's argues that its supplemental responses render certain interrogatory disputes moot. Opp. at 7. They do not. Supplementation does not moot a motion to compel when the supplemental answers are expressly made "subject to" the same objections the Motion challenges. Only an order overruling those objections will make them complete and binding. *See Athwal v. Nijjer,* No. C17-00740RSL, 2018 WL 1156233, at *1 (W.D. Wash. Mar. 5, 2018) (promises of future/in-process supplementation do not moot a motion to compel).

### III.    Macy's Still Cannot Impose Bifurcation by Objection.

Macy's admits it has only been "evaluating" whether to move to bifurcate. Opp. at 3-4. It has filed no such motion, and no order stays, bifurcates, phases, or limits discovery. That is

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO COMPEL FURTHER
DISCOVERY RESPONSES
AND RULE 34 INSPECTION
2:25-cv-02006-JHC

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801

- 3 -

dispositive. Once discovery is open, it remains open unless and until the Court orders otherwise. Rule 26(d)(1). The authority to sequence discovery belongs to the Court, not to a party withholding responses while evaluating a motion it has never filed. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). Macy's cannot obtain the benefit of bifurcation without filing a Rule 26(c) motion and making the required showing.

Macy's class-discovery objection also fails. Class certification demands a "rigorous analysis" that frequently overlaps the merits, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). *Doninger* is not to the contrary: it bars no precertification discovery but requires a showing that the discovery is likely to substantiate the class allegations, *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)—a showing Macy's own supplementation satisfies by identifying the entities, personnel, vendors, systems, and recipient counts at issue.

Macy's supplementation confirmed 676,617 Washington recipients—numerosity and ascertainability are no longer in dispute. What remains are the personnel and vendor identities (Nos. 1, 3, 4, 5), which go to commonality: if a single automated process sent the same subject lines to all class members, whether those lines were misleading is a common question requiring no individualized inquiry.

## IV.    Macy's Entity and Website Arguments Do Not Justify Withholding Discovery.

Macy's says it "never claimed" to limit discovery to the Macy's website. Opp. at 2, 6. But its written responses did just that, repeatedly stating that Macy's Retail Holdings operates retail stores, that Macys.com, LLC operates www.macys.com, and that Macy's was responding "as to the www.macys.com website." Toops MTC Decl., Exs. C-E. Macy's now represents that nothing has been withheld on that basis. Opp. at 7. In either case, the Court should order Macy's to remove the limitation and answer based on all information within its possession, custody, or control.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO COMPEL FURTHER
DISCOVERY RESPONSES
AND RULE 34 INSPECTION
2:25-cv-02006-JHC

- 4 -

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801

Macy's own supplemental disclosures show why the limitation is improper. Macy's identifies individuals at Macy's Retail Holdings, Macys.com, Advertex Communications, Inc., and Macy's Merchandising Corp. with knowledge of pricing, promotional strategy, marketing-email creation, CRM strategy, email distribution, and the interconnectivity between www.macys.com and Macy's marketing emails. Reply Decl. ¶ 12, Ex. B. Macy's cannot rely on these related entities and vendors to create, target, distribute, and track the accused emails while resisting discovery into them as separate or unnamed. The Court should order Macy's to remove any website-only or entity-based limitation and confirm that its responses include all information within its possession, custody, or control.

## V.    Macy's Must Provide a Complete Nonprivileged Answer to Interrogatory No. 13.

Macy's recasts Interrogatory No. 13 as a demand for privileged legal advice. Opp. at 7-9. It is not. The interrogatory asks Macy's to describe corrective measures taken after receiving the Complaint. This information is important and relevant because any post-complaint corrective measures Macy's took bear on Macy's knowledge, the feasibility of compliance, and whether the violations are ongoing (which drives Plaintiffs' injunctive relief claim). Plaintiffs do not seek counsel's communications or mental impressions; they seek facts—whether Macy's changed its practices after the Complaint.

Macy's position is also internally inconsistent: it asserts that no corrective measures were necessary or taken, yet simultaneously claims that any measures taken after the Complaint "are in and of themselves privileged attorney-client communications." Opp. at 8. The privilege protects communications, not the underlying facts of what a party did. *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981). Macy's may withhold privileged communications and work product, but it must answer whether it made nonprivileged factual changes. The Court should order Macy's to

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO COMPEL FURTHER
DISCOVERY RESPONSES
AND RULE 34 INSPECTION
2:25-cv-02006-JHC

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801

serve a verified supplemental answer stating either (1) that it made no nonprivileged changes to its marketing-email practices after receiving the Complaint, or (2) the nonprivileged facts of any such changes—what changed, when, who implemented it, and what systems, campaigns, policies, templates, or practices were affected.

## VI.     A Limited Rule 34 Inspection Is Necessary and Proportional.

Macy's calls the inspection duplicative and improper "discovery on discovery." Opp. at 9-11. It is neither. Plaintiffs do not seek wholesale access, login credentials, forensic imaging, or review of irrelevant data. They seek a remote screen-share controlled by Macy's representative to understand what systems exist, what data they hold, and where Washington-recipient data reside.

Macy's own supplementation shows why a walkthrough is needed. Macy's reported a precise count of Washington recipients, yet its written answers do not reveal how it determines which recipients reside in Washington, where that residency and location data are stored, what data fields and exportable reports exist, or how the identified platforms interconnect. Reply Decl. ¶ 11, Ex. A. That Macy's can produce the Washington-recipient count confirms the systems, data, and method exist and are central. Nor did Plaintiffs agree to abandon the inspection; they agreed only to evaluate whether Macy's promised supplementation would supply that information. It did not. Reply Decl. ¶ 7. The burden and confidentiality concerns Macy's raises are addressed by the tailored protocol in Plaintiffs' Proposed Order—a secure screen-share Macy's controls, with PII masking and protective-order designations preserved—and Plaintiffs remain willing to meet and confer on logistics. Macy's refusal to permit any inspection should be overruled.

## VII.     Plaintiffs Identified the Deficient RFP and RFA Responses.

Macy's argues Plaintiffs failed to identify which specific RFP and RFA responses are deficient or why. Opp. at 10-11. The record refutes that. On May 1, 2026, Plaintiffs sent a detailed

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO COMPEL FURTHER
DISCOVERY RESPONSES
AND RULE 34 INSPECTION
2:25-cv-02006-JHC                                      - 6 -

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801

deficiency letter—now in the record as Exhibit H to the Toops MTC Declaration—identifying each deficient RFP and RFA by number and explaining specifically why Macy's objections lacked merit. Toops MTC Decl. ¶ 11, Ex. H. That letter addressed RFP Nos. 1, 2, 3, 4, 5, 6, 9, 10, 12, and 15 and the RFAs individually. Macy's received it, conferred on it, and responded with the same boilerplate objections it had originally served. Both *Groeschel* and *Hancock* require identification of the specific requests and the basis for compelling responses—not request-by-request briefing. Plaintiffs provided exactly that in writing before filing.

Macy's also argues the RFP disputes will be resolved through the ESI process. Opp. at 11. That process has been in place since June 3, 2026—three weeks before this filing—and Macy's has produced nothing new under it. During the meet-and-confer conferences, it was Macy's—not Plaintiffs—that predicted the ESI process would resolve document disputes; Plaintiffs could not agree to that without seeing what ESI would actually be produced. Reply Decl. ¶ 15. If the ESI process is the vehicle for resolving document disputes, the Court should order it to conclude on a date certain with production to follow promptly.

## VIII. Macy's Fee Request Should Be Denied.

Macy's seeks fees under Rule 37(a)(5)(B). Opp. at 11-12. The request should be denied because Plaintiffs' Motion was substantially justified. Macy's served its supplementation only after Plaintiffs filed; that supplementation produced information Macy's had withheld—names of relevant individuals, entities, vendors, and platforms, and recipient counts—and confirmed its relevance and availability. Macy's still has not filed a bifurcation motion, still has not agreed to an inspection, and still has not cured the identified deficiencies. Even if the Court grants only part of the relief sought, Plaintiffs' Motion did not lack substantial justification. Plaintiffs conferred repeatedly and moved only after receiving no firm timeline and no bifurcation order. Macy's fee

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO COMPEL FURTHER
DISCOVERY RESPONSES
AND RULE 34 INSPECTION
2:25-cv-02006-JHC

- 7 -

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801

request should be denied, and Plaintiffs respectfully maintain their request under Rule 37(a)(5)(A) or, at minimum, that each side bear its own fees if relief is granted in part and denied in part.

**CONCLUSION**

Macy's asks the Court to deny relief because discovery is supposedly proceeding voluntarily. Its post-motion supplementation shows otherwise: partial, objection-laden responses; reserved supplementation based on an open-ended investigation; reliance on an unfiled bifurcation motion; refusal of a reasonable inspection; and no complete nonprivileged answer to Interrogatory No. 13. Plaintiffs respectfully request that the Court grant the Motion; overrule Macy's threshold objections; order complete supplemental responses on a date certain; order Macy's to remove its website/entity and premature-class-discovery limitations; order a complete nonprivileged answer to Interrogatory No. 13; direct the ESI production process to conclude on a date certain; order a limited Rule 34 inspection; and deny Macy's request for fees.

Dated: June 24, 2026

Respectfully submitted,

/s/ Michael C. Tackeff
Michael C. Tackeff, admitted *pro hac vice*
J. Gerard Stranch, IV*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
mtackeff@stranchlaw.com
gstranch@stranchlaw.com

/s/ Samuel J. Strauss
Samuel J. Strauss, WSBA No. 46971
Raina C. Borrelli*
STRAUSS BORRELLI, PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO COMPEL FURTHER
DISCOVERY RESPONSES
AND RULE 34 INSPECTION
2:25-cv-02006-JHC                                    - 8 -

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801

Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops, admitted *pro hac vice*
Natalie A. Lyons*
Ian R. Bensberg*
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

I certify that this reply contains 2,086 words, in compliance with the Local Civil Rules.

*/s/ Michael C. Tackeff*

**Attorneys for Plaintiffs and the Proposed Class**

* Application for admission *pro hac vice* forthcoming

# CERTIFICATE OF SERVICE

I, Michael C. Tackeff, hereby certify that on June 24, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 24th day of June, 2026

*/s/ Michael C. Tackeff*
Michael C. Tackeff, *pro hac vice*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
mtackeff@stranchlaw.com

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO COMPEL FURTHER
DISCOVERY RESPONSES
AND RULE 34 INSPECTION
2:25-cv-02006-JHC

- 9 -

Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801