THE HONORABLE JOHN H. CHUN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

STEPHANIE AGNEW, FELISA BRYANT, DEBORAH CERKEZOGLU, AZA ZHAMBEKOVA, and SHAWNA STUMP, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

MACY'S RETAIL HOLDINGS, LLC,

Defendant.

Case No. 2:25-cv-02006-JHC

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, PARTIAL JUDGMENT ON THE PLEADINGS, OR TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT**

## I.   INTRODUCTION

Over the last year, dozens of firms have flocked from across the country to file lawsuits under Washington's Commercial Electronic Mail Act ("CEMA"), based on the prospect of recovering $500 per email (plus trebled damages), per consumer, based on email subject lines that nobody ever read, much less was injured by. Plaintiffs' counsel here have filed *over 100* such class actions, including over 40 in just the last two months. As with those cases, Plaintiffs' case here hangs entirely on the Consumer Protection Act ("CPA")—the only source for Plaintiffs' prayer for monetary relief. But the CPA's plain language and well-established economic injury requirement bar Plaintiffs from pursuing their claims and, at minimum, from recovering CEMA's steep statutory damages.

1 - DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, PARTIAL JUDGMENT ON THE PLEADINGS, OR TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT CASE NO. 2:25-CV-2006-JHC

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

Defendant Macy's Retail Holdings, LLC ("Macy's") moves for judgment on the pleadings on two independent grounds:

***First***, Plaintiffs' CPA claims fail as a matter of law because they have not alleged—and cannot allege—any objective economic injury to business or property, an elemental requirement confirmed by the Washington Supreme Court's most recent certified-question decision. In *Montes v. SPARC Group LLC*, 586 P.3d 999 (Wash. 2026), the Court held that alleged misrepresentation of a product's price duration, without an objective economic loss, amounts to nothing more than "disappointed expectations" that "does not count as an injury 'to business or property.'" *Id.* at 1001–02, 1004–06.  This case involves allegedly false or misleading promotional statements, similar to *Montes*.  And although the plaintiff in *Montes* allegedly made a purchase based on her mistaken belief that she was obtaining a discount that would not last, Plaintiffs here do not even claim to have noticed the challenged promotional statements (subject lines) at issue, much less to have made a purchase based on them. Their sole theory of injury is "annoyance and harassment" from the passive receipt of allegedly deceptive marketing emails. (Compl. ¶ 84.) *Montes* makes clear that such allegations are not enough.

***Second***, even if Plaintiffs could establish a CPA injury, they cannot recover CEMA's $500 statutory damages. The CPA limits recovery to "actual damages sustained." RCW 19.86.060. Statutory damages are categorically distinct from actual damages, as CEMA's text demonstrates by authorizing "five hundred dollars, *or* actual damages, whichever is greater." RCW 19.190.040(1) (emphasis added). The disjunctive "or" would be superfluous if the $500 figure *were* actual damages. When the Legislature wants to authorize statutory damages for CPA claims predicated on a *per se* violation, it does so expressly and without ambiguity. But here, the Legislature limited statutory damages to claims for phishing—i.e., not misleading subject lines. In short, statutory damages are not available—not under the CPA, and not under CEMA.

This Court should decide these threshold issues now.  As long as statutory damages are on the table, this lawsuit will threaten catastrophic exposure for Macy's and every other CEMA defendant. If Plaintiffs are limited to actual damages, the case becomes far simpler because there are no allegations of

2 - DEFENDANT'S MOTION FOR JUDGMENT ON THE
PLEADINGS, PARTIAL JUDGMENT ON THE PLEADINGS, OR
TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT
CASE NO. 2:25-CV-2006-JHC

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

actual damages to prove.[1] Accordingly, Macy's seeks judgment on the pleadings dismissing Plaintiffs' CPA claims for lack of any allegation of objective economic injury, or, alternatively, partial judgment on the pleadings that Plaintiffs cannot recover statutory damages under the CPA for violations of CEMA because statutory damages are not actual damages.

*Alternatively*, if the Court declines to grant judgment on these grounds, Macy's respectfully requests certification of both questions to the Washington Supreme Court for resolution.

## II.    FACTUAL BACKGROUND

### A.    Plaintiff's Allegations

Plaintiffs each claim to have received at least one marketing email from Macy's with a subject line stating that a sale was ending soon. (Compl. ¶¶ 86-90.) (*e.g.*, "Ends tonight! EPIC deals on summer styles") They contend that these subject lines created a "false sense of urgency" by suggesting that sales would end sooner than they ultimately did, thereby "luring" customers to make purchases. (*Id.* ¶¶ 4, 42.) Plaintiffs do not allege that they relied on the emails they received, nor do they claim to have made a purchase based on this purported "false urgency." Nor do they claim to have read, or even seen, the subject emails in their inbox. Nevertheless, under the CPA, they seek to recover "an injunction against further violations; the greater of Plaintiffs' actual damages or liquidated damages of $500 per violation, trebled; and costs of the suit, including a reasonable attorney's fee." *Id.* ¶ 120.

### B.    Procedural History

Plaintiffs filed this class action lawsuit in King County Superior Court, seeking to represent a class of Washington residents who received allegedly deceptive marketing emails from Macy's. Macy's timely removed this case (Dkt. No. 1), and filed a motion to dismiss on December 5, 2025 based primarily on federal preemption under the Controlling the Assault of Non-Solicited Pornography And Marketing Act of 2003 ("CAN-SPAM Act"), 15 U.S.C. § 7707(b). (Dkt. No. 15). On March 18, 2026, the Court denied Macy's motion to dismiss (Dkt. No. 30). On April 1, 2026, Macy's filed its Answer to the Complaint (Dkt.

---

[1] Plaintiffs allege that "minimally thousands" of people can recover $500 for each of the 13 of Macy's emails described in the Complaint. Even assuming a bare minimum of 2,000 class members received those 13 emails, Plaintiffs seek $13,000,000 in class-wide damages, *before* their request to treble (Compl. ¶ 120), and $39,000,000 after.

3 - DEFENDANT'S MOTION FOR JUDGMENT ON THE
PLEADINGS, PARTIAL JUDGMENT ON THE PLEADINGS, OR
TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT
CASE NO. 2:25-CV-2006-JHC

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

No. 31).

Two weeks after this Court issued its decision on Macy's Motion to Dismiss, the Washington Supreme Court in *Montes v. SPARC Group LLC* issued its opinion definitively clarifying the meaning of "injury" under the CPA's fourth element. 586 P.3d 999 (Wash. 2026). There, responding to a certified question from the Ninth Circuit, the Court held that CPA plaintiffs must demonstrate an **"objective economic loss"** to establish a CPA injury—mere "disappointed expectations" from a misleading representation do not suffice. *Id.* at 1002, 1004–05.

### III.    LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion follows the same standard as a motion to dismiss. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). A Rule 12(c) motion may thus be predicated on either (1) the lack of a cognizable legal theory, or (2) insufficient facts to support a cognizable legal claim. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on a Rule 12(c) motion, the Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non–moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id*. In a motion for judgment on the pleadings, the Court may consider information "contained in materials of which the court may take judicial notice" and documents attached to the complaint. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999); *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

District courts may entertain motions for partial judgment on the pleadings with respect to damages remedies that are unavailable as a matter of law. *Ludahl v. Seaview Boat Yard, Inc.*, 869 F. Supp. 825, 826 (W.D. Wash. 1994) (granting Rule 12(c) motion on plaintiff's prayer for damages under Death on the High Seas Act, 46 U.S.C.A. § 30307); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (when a cause of action allows for multiple forms of relief, and one of them is barred as a

4 - DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, PARTIAL JUDGMENT ON THE PLEADINGS, OR TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT CASE NO. 2:25-CV-2006-JHC

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

matter of law, a court may dismiss or strike that prayer for relief under Rule 12(b)(6)).

## IV.    ARGUMENT

### A.    Plaintiffs' CPA Claim Should be Dismissed Because They Have Not Alleged Any Cognizable Injury

#### 1.    <u>A CPA Plaintiff Must Demonstrate an Injury to Business or Property Beyond the Statutory Violation Itself</u>

CEMA does not provide a private right of action for damages to individuals who allegedly received an email that "contains false or misleading information in the subject line." RCW 19.190.020(1)(b); *Wright*, 189 Wn.2d at 723, 728 (CEMA's private right of action is limited to phishing claims).  Instead, email recipients must seek redress through the CPA. *Id*. A CPA plaintiff, in turn, must prove five elements: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) affecting the public interest; (4) injury to the plaintiff's business or property; and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*., 105 Wn.2d 778, 780 (1986). "A successful CEMA claim establishes only the first three elements. The CPA still requires the plaintiff to show the defendant caused injury to their business or property." *Meade v. Profusion Cosms. Corp*, 2026 WL 2098093, at *2 (W.D. Wash. July 16, 2026) (dismissing CEMA CPA claim for lack of CPA injury) (*citing Wright*, 189 Wn. 2d at 724).

The Washington Supreme Court recently made clear that "injury to business or property" requires an "**objective economic loss**"; mere "disappointed expectations" stemming from a misleading representation about a price do not suffice. *Montes v. SPARC Grp. LLC*, 6 Wash. 3d 321, 330, 586 P.3d 999, 1004 (2026). In *Montes*, the plaintiff bought leggings for $6 after the retailer promoted them as marked down from $12.50. *Id.* at 323. The Court held that, despite the allegedly misleading price comparison (the leggings had allegedly almost never been offered for $12.50), a plaintiff does not sustain injury to business or property when she "purchases—and obtains—the very product she sought to obtain but does so because the seller misrepresented the product's price history." *Id.* at 324, 326–27. After methodically examining the plaintiff's theories of injury, the *Montes* court rejected each one based on the fundamental principle that "disappointed expectations do not support a CPA claim." *Id.* at 324. "[T]he fact that plaintiff may have been manipulated into purchasing the items because she believed she was

5 - DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, PARTIAL JUDGMENT ON THE PLEADINGS, OR TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT CASE NO. 2:25-CV-2006-JHC

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

getting a bargain does not necessarily mean she suffered economic harm." *Id.*

The *Montes* decision represents a dramatic clarification of the law regarding the CPA. As the *Montes* dissent itself acknowledged, the majority opinion "departs from the long-standing liberal construction of injury within the meaning of the CPA by limiting its reach solely to quantifiable economic injuries." *Id.* at 335 (Stephens, C.J., dissenting). The CPA now unambiguously "excludes noneconomic injuries like personal injury, 'mental distress, embarrassment, and inconvenience." *Id.* at 328. While the pecuniary injury "need not be great," it "must be an economic loss." *Id.* at 329 (citing *Ambach v. French*, 167 Wn.2d 167, 173, 216 P.3d 405 (2009)). Mere deception, without economic harm, is not actionable. *Id.* at 330.

### 2.     Plaintiffs Have Failed to Allege a CPA Injury

Plaintiffs assert that Macy's emails "create a false sense of urgency in consumers' minds"—in essence, "deceptive time-sensitivity" and a source of "annoyance." (Compl. ¶¶ 4, 6, 84.) Yet annoyance and deception are not economic injuries to business or property under *Montes*. *See* 6 Wash. 3d at 328 ("the CPA excludes noneconomic injuries like 'personal injury, mental distress, embarrassment, and inconvenience.'"). Critically, Plaintiffs nowhere allege that they: (i) made any purchase they would not otherwise have made but for Macy's email subject lines; (ii) received a product worth less than what they paid; or (iii) received an entirely different product than the one ordered. Indeed, Plaintiffs do not even allege that they *read* Macy's emails or saw them in their inboxes. Without any allegation of objective economic harm, Plaintiffs' CPA claim fails as a matter of law. Recent decisions from both the state and federal courts in Washington confirm this conclusion. *See Meade*, 2026 WL 2098093, at *5 ("[Plaintiff] references injury vaguely, asserting only that that Profusion's conduct is 'harassment.' Her CPA claim, dependent entirely on CEMA, is not cognizable."); *Erwin v. Seattle Times Co.*, No. 26-2-09079-3 SEA (King County Super. Ct. Aug. 5, 2026) (dismissing CEMA/CPA claims with prejudice, explaining: "[Plaintiffs'] theory of deception based on extended sales is not cognizable.") (*citing Montes*, 586 P.3d at 1008).

### 3.     *Wright v. Lyft* Does Not Salvage Plaintiffs' Claims

6 - DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, PARTIAL JUDGMENT ON THE PLEADINGS, OR TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT CASE NO. 2:25-CV-2006-JHC

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

The Complaint relies on *Wright v. Lyft, Inc.*, 189 Wn.2d 718 (2017), for the proposition that <u>any</u> CEMA violation automatically satisfies all five elements of a CPA claim, including injury to business or property. (Compl. ¶ 114.) But *Wright* does not exempt Plaintiffs from the CPA's injury requirement—it does not even involve subject line claims under RCW 19.190.020. *See Carlsen v. Glob. Client Sols. LLC*, 171 Wn.2d 486, 493 (2011) (the Washington Supreme Court considers certified questions "***not in the abstract*** but based on the certified record by the federal court.") (emphasis added). Instead, Plaintiffs' claims are governed by the CPA's standard injury requirements, as articulated this year in *Montes*.

*Wright* addressed a fundamentally different CEMA provision: the prohibition on transmitting commercial text messages **without prior consent** under RCW 19.190.060. (*Wright*, 189 Wn.2d at 722 (certified questions).) That provision flatly prohibits *any* unsolicited commercial text message, regardless of its content. The *Wright* court found that the receipt of a text message inflicts automatic economic harm by consuming limited memory and data resources on the recipient's mobile device. *Id.* at 730–31. The Court identified three distinct harms recognized by the Legislature: (1) recipients "pay for use when a message is received," (2) "the limited memory of these devices can be exhausted by unwanted text messages," and (3) such messages can result in "the inability to receive necessary and expected messages." *Id.* at 730 (*quoting* Laws of 2003, ch. 137, § 1). Critically, *each* of these harms flows from the *receipt* of the text message itself—not from any deceptive content within it.

*Wright* did not address—and its reasoning cannot logically extend to—CEMA's **content-based** prohibition on **email subject lines** under RCW 19.190.020(1)(b). That provision regulates only the truthfulness of a message's content, not whether the message may be sent at all. As the Complaint stresses at length—and as Plaintiffs themselves argued to avoid federal preemption—"the statute's only concern is to suppress false or misleading information in the subject line of commercial emails." (Compl. ¶ 32; *see also id.* ¶¶ 19–41.) The distinction is dispositive: *Wright*'s automatic-injury holding rested entirely on the technological harms caused by unsolicited text messages, not on any deceptive content. Plaintiffs cannot now invoke *Wright* to avoid the very distinction they relied upon to keep this case in court.

Moreover, the harms that supported automatic injury in *Wright*—data costs, memory depletion,

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

and interference with receiving wanted communications—cannot support a finding of injury here because *those harms occur regardless of whether the subject line is truthful or deceptive*. A truthful email occupies the same inbox space as a deceptive one; the alleged deception adds no incremental economic injury. Because the technological-resource rationale of *Wright* applies equally to CEMA-compliant and CEMA-violating emails, it cannot establish automatic injury for subject-line claims.

Read together, *Wright* and *Montes* are complementary. *Montes* articulates the foundational principle that a CPA claim—even one predicated on a *per se* statutory violation—requires proof of injury to business or property.[2] *Wright* represents a narrow application of that principle for CEMA's text-message provision, where the statutory violation itself produces the economic injury identified by the Legislature. By regulating *content* rather than *consent*, CEMA's email subject-line provision is categorically distinct: the deception is the only alleged wrong, and deception without economic loss does not satisfy the CPA. This interpretation preserves the CPA's statutory requirement of injury to business or property, and avoids the absurd result of awarding damages to consumers who suffered no harm.

An overbroad reading of *Wright* would produce an untenable result. Consider a consumer who receives an email whose subject line mentions a "25%-off sale" on dresses—when the dresses were not discounted by 25%. Under Plaintiffs' theory, that consumer could recover $500 via CEMA without ever making a purchase, opening the email, or even seeing the subject line. Yet if the *same* consumer saw the same advertisement in a store or online, was tricked into actually *making a purchase*, and brought a direct CPA claim, her claim would fail under *Montes* for lack of an objective economic loss. This paradox—automatic recovery for those who ignore an email, but no recovery for those who rely on it and buy something—cannot be the law. Such an interpretation would eviscerate the CPA's injury requirement for an entire category of deception-based claims. Macy's respectfully requests that the Court enter judgment on the pleadings dismissing Plaintiffs' CPA claim.

---

[2] In *Brown v. Old Navy, LLC*, 4 Wash. 3d 580, 584, 567 P.3d 38, 42 (2025), the Washington Supreme Court addressed the scope of CEMA's prohibition on "false or misleading" subject lines. Although *Brown* discussed the "injury" element of a direct CEMA claim, the court did not address – or even mention – the "injury to business or property" element for CPA claims predicated on a violation of CEMA. For CPA claims, *Montes* controls.

8 - DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, PARTIAL JUDGMENT ON THE PLEADINGS, OR TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT CASE NO. 2:25-CV-2006-JHC

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

**B.    The CPA Cannot Support Plaintiffs' Prayer for Liquidated Damages**

Although Plaintiffs purport to seek $500 per violation—the amount set forth under CEMA, RCW 19.190.040—they do not seek such relief under CEMA itself. Nor could they, as CEMA only supports direct damages claims for phishing. *Wright*, 189 Wn.2d at 723 (on the first certified question, "[w]e hold that CEMA creates a private cause of action with damages limited to phishing violations."). Instead, they seek "liquidated damages of $500 per violation, trebled," under the CPA. (Compl. ¶ 120.)

The Court should enter partial judgment on the pleadings dismissing this prayer for relief, for the simple reason that the CPA does not provide for it.  Plaintiffs' prayer for liquidated damages under the CPA would repudiate the Legislature's decision to limit statutory penalties under CEMA to phishing claims and not to other sections of CEMA.

### 1.    The CPA Provides for Only Actual Damages

The CPA provides that plaintiffs "may bring a civil action in superior court to enjoin further violations, to recover **the actual damages sustained by him or her**, or both, together with the costs of the suit, including a reasonable attorney's fee." RCW 19.86.060 (emphasis added); *Jin v. GEICO Advantage Ins. Co.*, 700 F. Supp. 3d 988, 994 (W.D. Wash. 2023) ("The CPA allows a plaintiff 'injured in his or her business or property' by a CPA violation to recover actual damages.") (*quoting W. Beach Condo. v. Commonwealth Ins. Co. of Am.*, 11 Wash.App.2d 791, 455 P.3d 1193, 1200 (2020).)  It does not mention liquidated damages.

### 2.    CEMA's Statutory Damages Are Recoverable Only for Phishing Claims

CEMA, in turn, only provides statutory damages to phishing claims brought under RCW 19.190.090(1); *see also Wright*, 189 Wn.2d at 728 ("The statute . . . does not imply a cause of action for monetary damages aside from phishing violations."). Here, Plaintiffs do not allege that Macy's attempted any phishing scams, and their First Claim for Relief, which is advanced directly under CEMA, does not seek $500 statutory damages based on phishing. (*See generally* Compl. ¶¶ 104-10). Plaintiffs only seek to recover $500 damages *through the CPA*, but neither the statutory framework nor Washington case law accommodates their request.

9 - DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, PARTIAL JUDGMENT ON THE PLEADINGS, OR TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT CASE NO. 2:25-CV-2006-JHC

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

3.    A CPA Plaintiff Cannot Import CEMA's Statutory Damages into Their Claim Under the CPA

RCW 19.190.030 was drafted by the Legislature to designate CEMA violations as *per se* violations of the CPA:

> The legislature finds that the practices covered by this chapter are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. A violation of this chapter is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, chapter 19.86 RCW.

RCW 19.190.030(1). *Wright* holds that this language satisfies the first three elements of a CPA claim: (1) a deceptive act, (2) in trade or commerce, and (3) the public interest. *Wright*, 189 Wn.2d at 724. However, RCW 19.190.030(1) does nothing to expand the monetary relief available under the CPA: i.e., actual damages.

The statutory damages Plaintiffs seek are fundamentally distinct from the actual damages provided by the CPA. CEMA's damages provision makes this distinction explicit: a recipient may recover "five hundred dollars, *or* actual damages, whichever is greater." RCW 19.190.040(1) (emphasis added). Similarly, Plaintiffs seek "the greater of Plaintiffs' actual damages <u>or</u> liquidated damages of $500 per violation, trebled," under the CPA. *See* Compl. ¶ 120 (emphasis added); *Rasor v. Retail Credit Co.*, 87 Wash. 2d 516, 529, 554 P.2d 1041, 1049 (1976) ("The term 'actual damages' has a generally accepted legal meaning."). The disjunctive "or" demonstrates that the Legislature understood the $500 statutory figure to be something *other than* actual damages—otherwise, the phrase "or actual damages" would be superfluous. *See Jongeward v. BNSF Ry. Co.*, 174 Wn.2d 586, 601, 278 P.3d 157 (2012) (courts must give effect to every word of a statute and avoid interpretations that render language superfluous). When a statute permits a plaintiff to elect between actual and statutory damages, "the statutory damages award is an alternative to an actual damages award." *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1266 (9th Cir. 2021).

10 - DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, PARTIAL JUDGMENT ON THE PLEADINGS, OR TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT CASE NO. 2:25-CV-2006-JHC

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

Other statutes are in accord. For example, like CEMA, Washington's Automatic Dialing Act (WADA), RCW 80.36.400, creates a *per se* violation of the CPA's first three *Hangman* elements using identical statutory language:

> The legislature finds that the practices covered by this section are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. A violation of this section is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, chapter 19.86 RCW.

WADA then provides:

> In addition to all remedies available in chapter 19.86 RCW, a person who is injured under this section may bring a civil action in the superior court to enjoin further violations and shall recover actual damages or $1,000 per violation of this section, whichever is greater.

RCW 80.36.400(4). Thus, WADA plaintiffs can recover statutory damages of $1,000 per violation in a direct action under WADA. For WADA-CPA claims, the remedy is provided by the CPA.

CEMA works identically. Someone suing for phishing violations can bring a direct action for the greater of actual damages *or* $500. RCW 19.190.090(1). For CEMA violations that are *not* based on phishing, like RCW 19.190.020(1)(b) (prohibiting emails that contain "false or misleading information in the subject line"), the statute creates a *per se* violation of the CPA, and the plaintiff's remedies are provided through the CPA. RCW 19.190.030. And crucially, the CPA vehicle only provides for actual damages. RCW 19.86.090 (recovery of "actual damages," costs, and attorney's fees).

This structure is not only sound as a matter of doctrinal reasoning, it effectuates the legislative intent "within the context of the entire statute." *Davis*, 137 Wn.2d at 963 (*citing State v. Elgin*, 118 Wn.2d 551, 556, 825 P.2d 314 (1992)). Within that context, CEMA does *not* augment the CPA's remedies with statutory damages; it creates a predicate offense under the CPA for plaintiffs to seek CPA remedies—*i.e.*, actual damages and injunctive relief. If the legislature wanted to allow private plaintiffs to recover $500 per email, it would have been easy to broaden CEMA's private right of action beyond phishing. It did the opposite by excluding such claims, distinguishing statutory penalties from actual damages, and allowing plaintiffs to seek actual damages under the CPA.

11 - DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, PARTIAL JUDGMENT ON THE PLEADINGS, OR TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT CASE NO. 2:25-CV-2006-JHC

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

This structure is further supported by Article II, Section 37 of the Washington Constitution, which provides that statutes (like CEMA) may not amend existing law (like the CPA) by implication: "[N]o act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length." Const. art. II, § 37. Interpreting CEMA, as Plaintiff does, to impose statutory damages under the CPA would run afoul of this constitutional constraint on lawmaking, which the Washington Supreme Court has frequently enforced. *See, e.g.*, *El Centro de la Raza v. State*, 192 Wn.2d 103, 131–32 (2018) (provision restricting bargaining rights of charter school employees, without identifying how it related to existing statutes, held unconstitutional under Section 37). Plaintiffs cannot seek CEMA's statutory damages through the CPA.

### 4.    *Wright v. Lyft* Does Not Compel a Different Result

*Wright* did not address this issue. The certified questions before the Court were narrow: (1) whether CEMA creates an independent private right of action for damages, and (2) whether CEMA's liquidated damages provision establishes the injury and causation elements of a CPA claim for violations of the text-message prohibition. *Wright*, 189 Wn.2d at 722. The Court answered no to the first and yes to the second. *Id.* at 731. *Wright's* reasoning is limited to record and questions presented to that court. *Carlsen v. Glob. Client Sols. LLC*, 171 Wn.2d. 486, 493 (2011) (the supreme court considers certified questions "not in the abstract but based on the certified record by the federal court."). And critically, neither certified question asked the court whether CEMA's $500 damages provision is available *as a remedy* in CPA actions based on allegedly deceptive emails. The *Wright* Court held that RCW 19.190.040 "establishes the injury and causation elements of a CPA claim as a matter of law." *Id.* It did not decide—and was not even asked — whether the $500 figure becomes the *measure of damages* recoverable under the CPA. That is a separate question: one concerns the elements of a CPA claim; the other concerns CPA remedies.[3]

---

[3] To the extent any language in *Wright* suggests otherwise, it is dicta based on a mistaken assumption in the briefing that was submitted to the Court. *See* 2017 WL 3835834, No. 94162-9 (Lyft's Opening Brief) ("If consumers could prove receipt of a false or misleading email, they automatically were entitled to recover the greater of statutory damages or actual damages through a CPA action."). Macy's should not be bound by an opposing party's errant legal assumption in a case involving a different statutory provision (RCW 19.190.060), a different theory of liability (unsolicited text messages sent without consent), and a different question (injury and causation, not remedies).

12 - DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, PARTIAL JUDGMENT ON THE PLEADINGS, OR TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT CASE NO. 2:25-CV-2006-JHC

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

Plaintiffs may point to *Wright*'s statement that "damages for CEMA violations are automatic." 189 Wn.2d at 729. But that statement addresses whether a plaintiff must independently prove injury and causation—not whether the CPA's remedial scheme is displaced by CEMA's damages provision. The Court held that a plaintiff need not independently prove injury or causation to *recover damages* under the CPA. *Id.* It did not hold that the $500 statutory figure *becomes* the damages recoverable. What damages are recoverable is governed by the CPA's remedial provision—which limits recovery to "actual damages sustained." RCW 19.86.060.

To the extent Plaintiffs seek to hold Macy's liable under the CPA for allegedly deceptive promotional emails, their damages are limited to those remedies available under the CPA. RCW 19.86 *et seq.* Accordingly, Macy's respectfully requests that this Court enter an order granting partial judgment on the pleadings that Plaintiffs' request for liquidated damages is unavailable as a matter of law.

## V.    REQUEST TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT

Should this Court decline to grant judgment on the pleadings on the grounds requested above, Macy's respectfully requests that the Court certify two questions to the Washington Supreme Court for guidance on these issues of Washington law.

This Court may certify a question to the Washington Supreme Court when "it is necessary to ascertain the local law of this state in order to dispose of [a] proceeding and the local law has not been clearly determined." RCW 2.60.020. The certification process is designed to "build a cooperative judicial federalism" and serve the interests of judicial efficiency and comity. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). Use of the certification procedure "rests in the sound discretion of the federal court." *Id.* Specifically, Macy's requests that the Court certify the following two questions:

> Does the recipient of an allegedly deceptive email that violates the Consumer Electronic Mail Act, Ch. 19.190.020(1)(b) have to establish an "objective economic injury" to bring a claim under Washington's Consumer Protection Act in light of *Montes v. SPARC Group LLC*, 586 P.3d 999 (Wash. 2026)?

> Can the recipient of an allegedly deceptive email that violates the Consumer Electronic Mail Act, Ch. 19.190.020(1)(b), recover the statutory damages provided in RCW 19.190.040 for a claim asserted under Washington's Consumer Protection Act?

13 - DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, PARTIAL JUDGMENT ON THE PLEADINGS, OR TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT CASE NO. 2:25-CV-2006-JHC

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

Certification is appropriate where, as here, there is no appellate authority interpreting the statute at issue. *Perez-Farias v. Global Horizons, Inc.*, 668 F.3d 588, 589 (9th Cir. 2011) (certifying question under RCW 2.60.020 where "[n]o published decision of either the Washington Supreme Court or the Washington appellate courts has interpreted the relevant provisions of this statute to date, and the answers to the certified question are 'necessary . . . to dispose of'" the matter). Further, certification is fitting where the state law issues have "significant policy implications." *Id.* at 593; *see also McKown v. Simon Prop. Grp. Inc.*, 689 F.3d 1086, 1091 (9th Cir. 2012) (noting that "[w]e have previously certified questions to the Washington Supreme Court where a question of law has not been clearly determined by the Washington courts and where the answer to [the] question is outcome determinative" (internal quotation omitted)). Certification of the proposed questions to the Washington Supreme Court furthers all of these interests.

As to the first question, the appellate authority favors Macy's, but has not squarely answered the question. Again, Macy's submits that *Wright* and *Montes* can be harmonized, as discussed above.  But *Montes* could also be read to abrogate *Wright* with respect to the "injury" element of a CPA claim. To the extent *Montes*'s broad holding that "[o]nly economic losses count as injuries to business or property under the CPA" does not apply to CEMA/CPA claims based on receipt of allegedly deceptive email subject lines, that should be clarified.

The second question raises an issue of statutory interpretation concerning the Legislature's creation of a *per se* violation of the CPA and the remedies available. Whether CEMA should be read to authorize a plaintiff to seek statutory damages under the CPA is a question best posed to the state's highest court. *Pacheco v. United States*, 21 F.4th 1183, 1187 (9th Cir.), *certified question answered*, 200 Wn.2d 171, 515 P.3d 510 (2022) ("Thus, we have certified questions where we've 'believe[d] that the Washington Supreme Court . . . [was] better qualified to answer . . . in the first instance.'" (ellipses in original) (quoting *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 294 F.3d 1085, 1092 (9th Cir. 2002))).

14 - DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, PARTIAL JUDGMENT ON THE PLEADINGS, OR TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT CASE NO. 2:25-CV-2006-JHC

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770

Resolution of either or both questions would materially advance the disposition of this class action lawsuit, in addition to the more than 200 other cases that have flooded the dockets of Washington's state and federal courts based on a strict-liability, statutory-damages theory of CEMA liability under the CPA. Should this Court choose to certify these questions to the Washington Supreme Court, litigants across the CEMA landscape would benefit from clarity regarding these precise questions.

## VI.    CONCLUSION

Macy's respectfully requests that the Court enter: (i) an order for judgment on the pleadings dismissing this action based on the lack of any allegation of a CPA injury; or (ii) an order for partial judgment on the pleadings finding that statutory damages under CEMA are not available for Plaintiffs' CPA claim. In the alternative, Macy's respectfully requests that the Court certify both questions to the Washington Supreme Court.

DATED: August 6, 2026

BALLARD SPAHR LLP


By:  *s/ Meegan B. Brooks*
    Meegan B. Brooks, WSBA No. 62516
    71 Stevenson Street, Suite 400
    San Francisco, California 94105
    Phone: 415.318.2770
    Email: brooksm@ballardspahr.com

    *Attorneys for Defendant*
    *Macy's Retail Holdings, LLC*

I certify this Memorandum contains 5072 words in compliance with the Local Civil Rules.

15 - DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, PARTIAL JUDGMENT ON THE PLEADINGS, OR TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT CASE NO. 2:25-CV-2006-JHC

BALLARD SPAHR LLP
71 Stevenson St., Suite 400
San Francisco, CA 94104
Tel: 415-318-2770